[No. 6,930.—In Bank.]

## RECLAMATION DISTRICT NO. 3 *v.* JOHN A. KENNEDY ET AL.

SWAMP LAND—RECLAMATION DISTRICT—ASSESSMENT—CONSTRUCTION OF STATUTE.—In an action to enforce an alleged assessment for reclamation purposes made under and pursuant to the provisions of the Political Code in which it appeared that the plaintiff was not originally formed under the provisions of that code nor reorganized thereunder by virtue of § 3478 of the Political Code:

*Held,* that the provisions of the code had no application to the plaintiff, and the assessment based upon them was unauthorized, and void.

APPEAL from a judgment for the plaintiff and an order denying a new trial in the Sixth District Court, County of Sacramento. REARDON, J.

*Haymond & Allen,* and *J. H. McKune,* for Appellant.

*George A. Blanchard, A. C. Freeman,* and *G. W. Gordon,* for Respondent.

The COURT:

We are satisfied with the views expressed when this case was before Department One of this Court. For the reason then stated the judgment and order are reversed and the cause remanded.

The following is the opinion rendered in Department One:

Ross, J.:

Section 3446 *et seq.* of the Political Code provide for the formation, by petition, etc., of reclamation districts. Section 3452 provides: "After the approval of the petition, the petitioners, or a majority of them, may make by-laws for the

management of the district, and must elect three persons owning land in the district, to act as a Board of Trustees thereof," etc.

Section 3543. "The by-laws *thus adopted* must be signed by the holders of certificates of purchase or patents representing at least one half of the land so to be reclaimed or benefited, and be recorded by the County Recorder in the same book and immediately following the petition."

Section 3454. "The Board *thus formed* has power to elect one of their number President thereof, and to employ engineers to survey, plan, locate, and estimate the cost of the work necessary for reclamation," etc.

Section 3455. "The Board of Trustees must report to the Board of Supervisors of the County, or if the district is in more than one County, then to the Board of Supervisors in each County in which the district is situated, the plans of the work and estimates of the cost, together with estimates of the incidental expenses of superintendence, repairs," etc.

Section 3546. "The Board *by which the district was formed* must appoint three Commissioners, disinterested persons, residents of the County in which the district or some part thereof is situated, who must view and assess upon the lands situated within the district a charge proportionate to the whole expense and to the benefits which will result from such works," etc.

Section 3459. "If the original assessment is insufficient to provide for the complete reclamation of the lands of the district, or if further assessments are from time to time required to provide for the protection, maintenance, and repair of the reclamation works, the Trustees must present to the Board of Supervisors *by which the district was formed,* a statement of the work done, or to be done, and its estimated cost, and the Board must make an order directing the Commissioners who made the original assessment, or other Commissioners, to be named in such order, to assess the amount of such estimated cost as a charge upon the lands within the district, which assessment must be made and collected in the same manner as the original assessment." Other provisions of the code follow, in which is declared the mode of making the assessment, etc.

By Section 3478 it is provided that "Districts formed under laws in force prior to May 28th, 1868, may reorganize under the provisions of this chapter," to wit: Chapter i, title viii of the Political Code.

The present action was brought to enforce an alleged assessment for reclamation purposes, made under and pursuant to the provisions of the Political Code. But the plaintiff was not originally formed under the provisions of that Code, nor was it reorganized thereunder by virtue of § 3478, *supra.* The provisions of the code having no application to the plaintiff, the assessment based upon them was unauthorized and void.

Judgment and order reversed and cause remanded.

McKINSTRY, J., and MORRISON, C. J., concurred.