[No. 8,459.—In Bank.]
July 28, 1882.

## RECLAMATION DISTRICT No. 3 *v.* CHARLES GOLDMAN.

RECLAMATION OF SWAMP LANDS—REPEAL OF STATUTE—LOCAL TAXATION. In an action to recover an assessment tax for reclamation purposes levied during the year 1876, under the Act of March 28, 1868, entitled "An Act to provide for the management and sale of land belonging to the State," it was objected on demurrer that the Act was repealed by the Code.

*Held:* The provisions of the Act referred to with reference to assessments for reclamation purposes were provisions "in relation to taxation for local purposes" and therefore (under Subd. 25 of § 19) were not repealed by the Political Code.

APPEAL from a judgment for the defendant in the Superior Court of the County of Sacramento.

The action was to recover an assessment for reclamation purposes levied in the year 1876 under the Act referred to in the opinion, in a swamp land district formed before the Codes were enacted.

A petition for rehearing in bank was filed after judgment and denied.

*G. W. Gordon,* for Appellant.

Counsel for respondent assert that the case of *Reclamation District No. 3* v. *Kennedy,* 58 Cal. 124, is a decision in their favor on this question of repeal. We will therefore answer that objection specifically.

In the *Kennedy Case,* this Court simply decided that the Political Code was not designed to affect or include within its provisions any of the old districts, and hence they could not act under it. That it was prospective only. Under the decision in the *Kennedy Case,* the Act of 1868 is not at all "inconsistent" with the provisions of the Political Code, nor are

the "cases" of the districts organized under the Act of 1868 "provided for" or in any manner noticed in that Code. They each in their proper sphere apply to and regulate a different class of reclamation districts.

A repeal by implication occurs when the subsequent statute contains provisions so far in conflict with those of an earlier statute, that the provisions of the old and the new statute can not co-exist. Such conflict or repugnancy is impossible when the two statutes apply to dissimilar objects. The ground occupied by the one is not at any point encroached upon by the other. (*Johnson* v. *Perry*, 53 Cal. 353; *Whittaker* v. *Haynes*, 49 id. 597; *Gonzales* v. *Wasson*, 51 id. 297; *Matter of the Estate of Eastman*, 9 P. C. L. J. 252; *Ex parte Simpson*, 47 Cal. 128.)

If the two enactments may subsist together, and each have operation, it will be presumed the Legislature had this possibility in mind, where they have appended· to the subsequent Act no words of repeal, and that it was intended both statutes should stand.

As a result of this doctrine of intention, the repeal of statutes by implication is not favored by the Courts. (*People* v. *S. F. & S. J. R. R. Co.*, 28 Cal. 254; *People* v. *Gerke*, 37 id. 232; *Buckingham* v. *S. & J. R. R. Co.*, 10 Ohio St. Rep. 27; *Mills* v. *State*, 23 Tex. 297; *Richards* v. *Patterson*, 30 Miss. 585; *Ind. School District* v. *Whitehead*, 2 Beasley (N. J.), 290 ; *Water Co.* v. *Burkhart*, 41 Ind. 381; *Hogan* v. *Guigon*, 29 Grattan, 709.)

The Political Code has expressly continued in existence the Act of 1868. (*Taylor* v. *Palmer*, 31 Cal. 250 ; *Emery* v. *S. F. Gas Co.*, 28 id. 353; Cooley on Tax., p. 456.)

An assessment for a local improvement has always been held to be a tax. Hence Subdivision 25 of Section 19 of the Political Code preserves intact so much of the Act of 1868 as applies to taxation for these local improvements. Reclamation assessments only differ from other taxes in that they need not be levied upon the *ad valorem* principle. (*People* v. *Lynch*, 51 Cal. 20 ; *Matter of Market Street*, 49 id. 549; *Williams* v. *Corcoran*, 46 id. 555.)

*J. H. McKune*, for Respondent.

The Act of March 28, 1868, to provide for the management

and sale of lands belonging to the State was repealed by implication by the enactment of the Political Code. (Title viii, §§ 3305, 3556.)

Without entering into details, it is sufficient to refer the Court to the two Acts, and invite a comparison, and it will be seen that each particular section of the Act of 1868 is re-enacted or modified, showing a manifest unequivocal legislative intent to repeal the former by enacting the latter. The rule is that "even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the latter statute was clearly intended to prescribe the only rule which should govern in the case provided for, it will be construed as repealing the original Act," etc. (*Sacramento* v. *Bird,* 15 Cal. 294; *Billings* v. *Harvey,* 6 id. 381; *Pierpont* v. *Crouch,* 10 id. 315; *True* v. *Thompson,* 42 id. 293; *Spencer* v. *The State,* 5 Ind. 41; *C. M. Co.* v. *Vanderpoel,* 4 Cow. 556; *Norris* v. *Crocker,* 13 How. (U. S.) 429; *Dexter & Limerick P. R. Co.* v. *Allen,* 16 Barb. 15; *Bartlett* v. *King,* 12 Mass. 537; S. C., 7 Am. Dec. 99; *Commonwealth* v. *Cooley,* 10 Pick. 37; *People* v. *Quigy,* 59 N. Y. 83, 88; *People* v. *Palmer,* 52 id. 83; *Hogan* v. *Guigon,* 29 Gratt. 709; *State* v. *Severance,* 55 Mo. 378; *W. W. Co.* v. *Burkhart,* 41 Ind. 364; *Fowler* v. *Pirkins,* 77 Ill. 271; *Iverson* v. *The State,* 52 Ala. 170; *Towle* v. *Marrett,* 14 Am. Dec. 209; Sedgwick on Stat. and Const. Law, 124; *Rochester* v. *Barnes,* 26 Barb. 657, and cases there cited; *Forqueran* v. *Donnally,* 7 W. Va. 114; *Pac. R. R. Co.* v. *Cass Co.,* 53 Mo. 17; *People* v. *Burt,* 43 Cal. 561; *Grant Co.* v. *Sels,* 5 Or. 243; *Hurst* v. *Hawn,* id. 275; *Towle* v. *Marrett,* 14 Am. Dec. 210, citing *State* v. *Rogers,* 10 Nev. 319; *United States* v. *Tynen,* 11 Wall. 95; *United States* v. *Barr,* 4 Saw. 256; *Longlois* v. *Longlois,* 48 Ind. 60; *Murdock* v. *City of Memphis,* 20 Wall. 590.)

SHARPSTEIN, J.:

If the Act of March 28, 1868 (Stats. 1867–8, p. 507), under which the plaintiff claims to have organized, contains any provision "in relation to taxation for local purposes," such provision was not repealed by the enactment of the Political Code. (Pol. C., Sec. 19.) The former act did provide that the Commissioners appointed in pursuance of its provisions should

assess upon the land to be reclaimed a tax proportionate to the whole expense and to the benefits which would result from the work, and that said tax should be collected and paid into the county treasury. Did that constitute it an act in relation to taxation for local purposes?" If it relates to taxation, it is doubtless "to taxation for local purposes." It provides for taxation by special assessments, which "are made on the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds; and in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the person receiving it." (Cooley on Taxation, 416.) "Charges and impositions," says Folger, J., in *Buffalo City Cemetery* v. *Buffalo* (46 N. Y., 506), "which are laid directly upon the property in a circumscribed locality, to effect some work of local convenience, which in its result is of peculiar advantage and importance to the property especially assessed for the expense of it, are not public, but are local and private" within the meaning of a statute which exempted cemeteries from "all public taxes, rates and assessments." "Public taxes, rates and assessments are those which are levied and taken out of the property of the person assessed, for some public or general use or purpose, in which he has no direct, immediate and peculiar interest." (id.)

Now the Act of 1868 speaks of the charges and impositions which it authorizes to be laid upon the lands within a reclamation district as taxes; and in providing for their assessment it provides for taxation; and an Act which provides for taxation relates to taxation and, as before stated, this Act relates to local taxation, if to any. Therefore it was not repealed by the Political Code. Whether it could be repealed without impairing the obligation of a contract is a question which it is not now necessary to decide.

Judgment reversed with directions to the Court below to overrule the demurrer with leave to the defendant to answer within ten days after being notified thereof.

McKINSTRY, MYRICK, McKEE, and THORNTON, JJ., and MORRISON, C. J., concurred.