[In Bank—September 28, 1883.]

## SWAMP LAND DISTRICT NO. 121, APPELLANT, *v.* JAMES B. HAGGIN, RESPONDENT.

SWAMP LANDS—ACT OF MARCH 28, 1868—POLITICAL CODE.—A swamp land district organized under the Act of 1868 is governed by that act, and cannot levy and collect assessments in the manner provided by the Political Code.

ID.—PLEADING.—The right to proceed under a particular act is jurisdictional, and must be shown by the complaint.

APPEAL from a judgment of the Superior Court of the county of Kern.

Action by a swamp land district to enforce against lands of the defendant the lien of an assessment levied by the plaintiff for purposes of reclamation. It appeared from the complaint that the swamp land district was organized under the Act of March 28, 1868, and that all its proceedings in relation to the levy of the assessment were had pursuant to the provisions of the Political Code. A general demurrer was interposed to the complaint and sustained by the court. The plaintiff having failed to amend, defendant had judgment.

*Stetson & Houghton,* for Appellant.

The Code as to matters of procedure repealed the Act of 1868. (*Ellis* v. *Paige,* 1 Pick. 45; *Bartlet* v. *King,* Ex'r, 12 Mass. 537; *Murdock* v. *City of Memphis,* 20 Wall. 616; *Hemstreet* v. *Wassum,* 49 Cal. 273; *Babcock* v. *Goodrich,* 47 Cal. 511; *Towle* v. *Marrett,* 3 Greenl. 22; *Buck* v. *Spofford,* 31 Me. 34; *Pingree* v. *Snell,* 42 Me. 53; *Giddings* v. *Cox,* 31 Vt. 607; *Rogers* v. *Watrous,* 8 Tex. 62; *Rutland* v. *Mendon,* 1 Pick. 154; *Nichols* v. *Squire,* 5 Pick. 168; *Commonwealth* v. *Kelliher,* 12 Allen, 480; *Mason* v. *Waite,* 1 Pick. 452; Pol. Code, § 4; Pol. Code, §§ 18, 19. In the case of *Reclamation Dist. No. 3* v. *Goldman,* 61 Cal. 205, the following cases were not cited to the court. (*Hagar* v. *Supervisors of Yolo,* 51 Cal. 474; *Savings and Loan Soc.* v. *Austin,* 46 Cal. 415; *People* v. *Haggin,* 57 Cal. 579.)

*Louis T. Haggin,* for Respondent.

The Act of March 28, 1868, under which the plaintiff was organized was not repealed by the Political Code. (*Reclamation Dist. No. 3* v. *Goldman,* 61 Cal. 205; *Reclamation Dist. No. 3* v. *Kennedy,* 58 Cal. 124.) A swamp land district is a creature of the statute, and can only act in the prescribed mode. (*Dunbar* v. *San Francisco,* 1 Cal. 355; *Low* v. *Mayor of Marysville,* 5 Cal. 214; *Oakland* v. *Carpentier,* 13 Cal. 540; *McCracken* v. *San Francisco,* 16 Cal. 591; *Douglass* v. *Placerville,* 18 Cal. 643; *Nicholson Pavt. Co.* v. *Painter,* 35 Cal. 699; *Glass* v. *Ashbury,*

49 Cal. 571; *McCoy* v. *Briant*, 53 Cal. 248; 2 Dill. on Mun. Corp. 3d ed. 763, 769; *Smith* v. *Davis*, 30 Cal. 536; *Trumpler* v. *Bemerly*, 39 Cal. 490; *Leslie* v. *City of St. Louis*, 47 Mo. 477; *Westfall* v. *Preston*, 49 N. Y. 349; *Merritt* v. *Vil. of Portchester*, 71 N. Y. 310; *Welker* v. *Potter*, 18 Ohio St. 87; Cooley's Const. Lim. 528.)

McKINSTRY, J. — The action is brought to enforce liens for assessments upon tracts of land belonging to defendant within a swamp land district.

A demurrer to the complaint was sustained in the court below, and plaintiff having declined to amend, final judgment was entered in favor of defendant, from which judgment plaintiff has appealed.

It is contended by respondent that it appears in the complaint the district was created and organized under the Act of March 28, 1868, while the further averments show that the assessments were attempted to be made under the provisions of the Political Code.

Inasmuch as it is not alleged that plaintiff was reorganized under section 3478 of the Political Code, the demurrer was properly sustained if respondent correctly construes the complaint. (*Rec. Dist. No. 3* v. *Kennedy*, 58 Cal. 124.)

The averments of the complaint with reference to the creation and existence of plaintiff as a reclamation district are as follows: "That as plaintiff *is informed and believes*, plaintiff, Swamp Land District Number One Hundred and Twenty-one is, and ever since the 22d day of December, 1870, has been, a municipal corporation, to wit: a swamp land district or reclamation district created, organized, and existing under and by virtue of the laws of the State of California, claiming in good faith to be a corporation, and a swamp land or reclamation district, and as such doing business and exercising corporate powers and the powers of a swamp land district under the laws of the State of California. That said district was established by an order of the board of supervisors of the county of Kern, in the State of California, which order, as plaintiff is informed and believes, was duly given and made," etc.

No force can be given to the allegation that plaintiff claimed

"in good faith" to be a corporation.   It is urged by appellant, however, that if it was a corporation *de facto* when the assessment was levied, defendant can neither object that it had no legal existence nor that the assessment was not levied in accordance with the statute in force, and applicable to the particular district.   But the action is not brought to determine the right of plaintiff to property owned by it in ordinary proprietorship, or to enforce a contract entered into with a third person.   It is an attempt to enforce a burthen imposed *in invitum* upon the property of another, and can be maintained only in case the authority to impose it was conferred by statute.   (2 Dillon on Mun. Corp. 3d ed. 763, 769.)   If the mode of levying the assessment must be found in the statute, and if the mode differs in case the corporation was formed under one statute from that which may be pursued by a corporation formed under another statute, it would seem to follow that a complaint is insufficient unless it appears from it that the corporation was formed under the law which authorizes the levy of the assessment *in the manner* in which it is alleged to have been levied.   The power is measured by the mode, since the statute under which the corporation exists limits the exercise of the power to the mode therein provided.   The right to proceed under any particular act is jurisdictional, and must be pleaded.   (*Rec. Dist.* v. *Kennedy, supra.*)

· But here it appears affirmatively that the corporation was organized under the Act of 1868.   It is said by appellant, the averment that the reclamation district was "established" by order of the board of supervisors is not the equivalent of an averment that plaintiff was *incorporated* by such order, and that the board alone could not incorporate a district.   Further, that the averment of corporate existence "ever since December, 1870," is immaterial; the only material allegations being that the district, existing as a corporation, levied an assessment.   But this is a refinement which we cannot recognize as relieving the plaintiff of the natural purport of the words employed.   There are manifest and apparently sufficient averments that the district was established by an order of the board of supervisors "duly given and made," and that the plaintiff has been a corporation since December 22, 1870.   The district therefore was established

by order of the board of supervisors; that is, the judgment of the board, which, followed by other statutory steps, clothed the district with the powers of a corporation, was had and made prior to the adoption of the Political Code. The order was made while the Act of 1868 was in force, and prior to the adoption of the Political Code there was no statute under which the board of supervisors could make such an order, *except* the Act of 1868. It would seem plain that the averments of the complaint, fairly construed, show the plaintiff to have acquired the rights of a corporation as a swamp land district under the Act of 1868.

The averments with respect to the mode of assessment are unmistakably averments of the acts required by the Political Code. The complaint follows exactly the language of section 8456, *et seq.*, of that Code concerning the levying of assessments. It would extend this opinion unnecessarily to enter into details, but a comparison of the averments of the complaint with the Act of 1868, and with the Political Codes, clearly shows that, wherever the requirements of the former differ from those of the latter, the Act of 1868 has been ignored.

It is urged by appellant that the district may claim to exist under the Act of March 27, 1874. (Stats. 1873–74, p. 721.) That act *recognizes* the existence of the district, but does not in terms refer its origin to any particular act of the legislature. It does, however, in express terms, require that Swamp Land District No. 116 (claimed by plaintiff to be the district now known as No. 121) shall have an extended time to complete its works of reclamation "in accordance with an act to provide for the management and sale of the lands belonging to the State, approved March 28, 1868."

Judgment affirmed.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., and MYRICK, J., concurred.

The foregoing opinion by MR. JUSTICE MCKINSTRY was filed on December 27, 1882. A rehearing was granted, and the case reargued and submitted. On the 28th of September, 1883, the following opinion was filed: —

ROSS, J. — For the reasons given in the opinion delivered when this case was last before this court (10 Pac. C. L. J. 604), the judgment of the court below must be affirmed. It is true, as said by counsel for appellant, that the district in question in the case entitled *Reclamation District No. 3* v. *Kennedy*, 58 Cal. 124, referred to in the opinion then delivered, was formed under a law in force prior to May 28, 1868, and could have reorganized (but did not) under the provisions of the Political Code, while the present appellant was formed under the Act approved March 28, 1868, and was not permitted by the provisions of the Political Code to reorganize thereunder. But it is obvious that if it be true that the Act of 1868 was unrepealed by the provisions of the Political Code, the applicability of the Kennedy case to the one at bar is strengthened by the circumstance alluded to by counsel.

In *Reclamation District No. 3* v. *Goldman*, 61 Cal. 205, it was distinctly decided that the Act of 1868, in relation to the reclamation of swamp and overflowed lands, was not repealed ·by the provisions of the Political Code. It is now suggested that that decision is in conflict with the case entitled *Hagar* v. *Board of Supervisors*, 51 Cal. 474. There is an apparent but no real conflict between the two cases. In Hagar's case the question was as to the validity of an order made by the board of supervisors appointing commissioners to levy an additional assessment to pay for work which had already been done. After referring to sections 33 and 34 of the Act of 1868, the learned justice who delivered the opinion of the court erroneously said that the law as there written so remained up to the time of the adoption of the Political Code, and taking up the amendment to section 3459 of that Code, enacted March 30, 1874, by which authority was given for the levy of an additional assessment to pay for work which had already been done as well as that which was to be done, sustained the validity of the order of the board of supervisors. Attention does not seem to have been attracted to the fact that by an act approved March 28, 1872 (Stats. 1871–72, p. 668), section 34 of the Act of 1868 was so amended as to authorize an additional assessment to pay for work which had already been done as well as for that which was to be done. Indeed the amendment of

March 28, 1872, to the Act of 1868, and the amendment of March 30, 1874, to the Political Code, are identical in substance and almost in form. The language, therefore, upon which the decision in Hagar's case was based was a part of the Act of 1868, under which the district then before the court was organized. The statement in the opinion in that case, to the effect that the provisions of the Political Code had superseded the Act of 1868, was, therefore, not only unnecessary to the decision of the case, but was based on a misapprehension of fact. In Goldman's case the question was distinctly presented, whether or not the Act of 1868 was repealed by the provisions of the Political Code, and it was held that it was not. Strength is given to the conclusion there reached by section 3478 of the Political Code, which reads: "Districts formed under laws in force prior to May 28, 1868, may reorganize under the provisions of this chapter," to wit, chapter 1, title viii., of the Political Code. Express grant of authority to districts formed under laws in force *prior* to May 28, 1868, to reorganize under the provisions of the Political Code, may fairly be taken as somewhat indicative of the intent on the part of the legislature to exclude districts formed under laws *subsequent* to the date named from that privilege. And when, in addition, provision was inserted in the Political Code by which, as was held in the Goldman case, the Act of 1868 was continued in force, the question must be regarded as settled.

There is nothing in *People* v. *Haggin*, 57 Cal. 579, at all inconsistent with what is here said, or with what was said in *Reclamation District* v. *Goldman*. In *People* v. *Haggin* the counsel for the plaintiff distinctly stated in their brief that the action was brought under and pursuant to the provisions of the Political Code to collect an assessment levied thereunder, and the court, accepting the statement of counsel in that behalf as true, proceeded to point out the difference between the provisions of the Political Code and the Act of 1868, in so far as the point then under consideration was concerned, and rightly held that actions brought under the provisions of the Code to collect an assessment levied thereunder must be brought in the name of the real party in interest, to wit, the reclamation district. There is, we repeat, no conflict between the cases alluded to by counsel

except an apparent one between the Goldman and Haggin cases, which, however, is not real as has already been shown.

Judgment affirmed.

McKINSTRY, J., SHARPSTEIN, J., McKEE, J., MYRICK, J., and THORNTON, J., concurred.