Okey, J.
A municipal corporation insisting upon the right to impose an assessment, should be prepared to show that such power has been clearly granted by statute; but, authority for such purpose being shown, in general terms, whoever insists that his property is exempted from the burden, will be required to support his claim by a provision equally clear. Hero authority to levy the assessment is clearly granted in general terms (Rev. Stats. § 2264), and whether it is shown by the Cemetery Association that its property is exempted from the assessment, is the only question for determination.
1. It is claimed that such exemption is implied from the provision limiting the assessment to twenty-five per cent, of the value of property as assessed for taxation (Rev. Stats. § 2270), inasmuch as the property of the association cannot be assessed for taxation (Rev. Stats. §§ 2732, 3571, 3578). This objection was held to be fatal in First Pres. Church v. Fort Wayne, 36 Ind. 338; cf. Matter of Hebrew Society, 70 N. Y. 476. Rut the difficulty encountered in the Indiana case is obviated in this state by Rev. Stats. § 2269, in which the course to "be pursued by council, in such a case, is pointed out.
2. The constitution provides: “ Laws shall be passed taxing by a uniform rule ... all real and personal property, according to its true value in money; but burying .grounds . . . may, by general laws, be exempted from taxation.” Art. 12, § 2. And by Rev. Stats. §§ 2732,3571, 3578, as we have seen, burying grounds — cemeteries—are ex *130 empted from “ taxation.” It is insisted that this exemption embraces assessments. True, in a general sense, a tax is an assessment, and an assessment is a tax, but there is a plain distinction between them. The constitution provides : “ The general assembly shall provide for the organization of cities and incorporated villages by general laws, and restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power.” Art. 13, § 6. In Hill v. Higdon, 5 Ohio St. 243, Ranney, J., in referring to the insertion of the word assessment in the organic law, by the convention which framed that instrument, took occasion to say: “This power had for many years been in constant and active exercise in every part of the state, and was perfectly understood by every member of the convention. The popular as well as legal signification of this term had always indicated those special and local impositions upon property in the immediate vicinity of an improved street, which were necessary to pay for the improvement, and laid with reference to the special benefit which such property derived from tlie expenditure of the money. They had always differed widely from the ordinary levies made for the purposes of general revenue.”
There is nothing then, in the constitution forbiding either the assessment of such property or its exemption from assessment. The words of the constitution authorizing the exempt tion, assuming that they extend to an assessment, are strictly permissive. May, in this case, is not to be read shall. By the general terms of section 2264, the property of the association is within the assessment, and it is simply a question of construction whether it is taken out of the general words by the other provisions. But applying the well settled rule for the construction of provisions exempting property from such burdens, that is, that they are to be strictly construed (Cincinnati College v. State, 19 Ohio, 110; State v. Mills, 34 N. J. L. 177), we are required by the clear weight of authority to hold, that the exemption in our statutes of burying grounds from taxation (Rev. Stats. §§ 2732,3571,3578), has relation to taxation for revenue purposes, and does not extend to an *131 assessment for a local improvement like that in question here. Under similar provisions such is the holding in New York: Buffalo City Cemetery v. Buffalo, 46 N. Y. 503, 506, cited in Roosevelt Hospital v. Mayor, 84 N. Y. 108, 115; People v. Davenport, 91 N. Y. 574,586; Reclamation Dist. v. Goldman, 61 Cal. 205, 208. In Maryland: Alexander v. Baltimore, 5 Gill, 396; Baltimore v. Greenmount Cemetery, 7 Md. 517. In Massachusetts : Boston, etc., Society v. Boston, 116 Mass. 181; s. c., 17 Am. R. 153. In New Jersey: Paterson v. Society, etc., 24 N. J. L. 385; State v. Newark, 27 N. J. L. 185; State v. Newark, 35 N. J. L. 157. The latter case, though reversed in 36 N. J. L. 478, is still authority upon the point to which it is here cited (State v. Elizabeth, 37 N. J. L. 330), and Hoboken v. North Bergen, 43 N. J. L. 146, is consistent with the preceding cases. In Pennsylvania: Northern Liberties v. St. John's Church, 13 Pa. St. 104; Pray v. Northern Liberties, 31 Pa. St. 69; Crawford v. Burrell Tp., Greensburgh v. Young, 53 Pa. St. 219, 280. The later decisions are not inconsistent with the cases cited. In Olive Cemetery Co. v. Philadelphia, 93 Pa. St. 129, it appeared that by the charter of the cemetery company the property was “exempt from taxation excepting for state purposes.” The court properly said that “ the rule is well settled that an exception in a statute excludes all other exceptions. Miller v. Kirkpatrick, 5 Casey, 226.” In Virginia : Orange and A. R. Co. v. Alexandria, 17 Gratt. 176. In Rhode Island: Second Univ. Sc. v. Providence, 6 R. I. 235; Matter of College Street, 8 R. I. 476; Beals v. Rubber Co., 11 R. I. 381, s. c., 23 Am. R. 472. In California: Emery v. Gas Co., 28 Cal. 345; Reclamation Dist. v. Goldman, supra. In Indiana: Palmer v. Stump, 29 Ind. 329; First Pres. Church v. Fort Wayne, supra; Marks v. Trustees, 37 Ind. 155. In Illinois: Illinois and M. Canal v. Chicago, 12 Ill. 403; Peoria v. Kidder, 26 Ill. 351; Pleasant v. Kost, 29 Ill. 490; People v. Graceland Cemetery Co., 86 Ill. 336. In Iowa: Sioux City v. School District, 55 Iowa, 150. In Michigan: Leefevre v. Detroit, 2 Mich. 586. In Kentucky: Broadway Bapt. Church v. *132 McAtee, 8 Bush, 508; cf. Louisville v. Nevin, 10 Bush, 549. In Kansas: Paine v. Spratley, 5 Kansas, 525. In Connecticut: Bridgeport v. Railroad, 36 Conn. 255. In Louisiana: Crowley v. Copley, 2 La. Ann. 329; Lafayette v. Male Orph. Asylum, 4 La. Ann. 1; Yeatman v. Crandall, 11 La. Ann. 220; Rooney v. Brown, 21 La. Ann. 51. In Missouri: Lockwood v. St. Louis, 24 Mo. 20; St. Louis Public Schools v. St. Louis, 26 Mo. 468; Sheehan v. Good Samaritan Hos., 50 Mo. 155; s. c., 11 Am. R. 412. In Ohio: Armstrong v. Athens Co., 10 Ohio, 235; Cincinnati College v. State, supra; North. Ind. R. Co. v. Connelly, 10 Ohio St. 159; cf. Kendrick v. Farquhar, 8 Ohio, 189; Will v. Higdon, supra; Matheny v. Golden, 5 Ohio St. 361; Gerke v. Purcell, 25 Ohio St. 229; Humphries v. Little Sisters, 29 Ohio St. 201; Cleveland Library Association v. Pelton, 36 Ohio St. 253. And see generally as to cemeteries, Price v. Methodist Church, 4 Ohio, 515; Hullman v. Honcomp, 5 Ohio St. 237; 12 Moak’s Eng. Reps. 665; 2 Wait’s Act. and Def. 127, 133 ; 1 Am. and Eng. Corp. Cas. 267, 512; 2 Bishop’s Or. L. §.i 1188, 1190. The sole exception to the cases sustaining such assessment as not within an exemption from taxation, if indeed an exception (cf. Hale v. Kenosha, 29 Wis. 599; Dalrymple v. Milwaukee, 53 Wis. 178), is found in Wisconsin.
3. It is provided that the association may hold “not exceeding one hundred acres of land, which shall be exempt from execution, ... if used exclusively for burial purposes, and in no wise with a view to profit.” Rev. Stats. § 3571. It does not appear how much land this association has, but let it be assumed for the present that the quantity is less than one hundred acres. We agree that this' exemption is to be taken in its most comprehensive sense, and hence there cannot be a sale of such lands under any legal process whatever. In view of this it has been thought that Louisville v. Nevin, supra; s. c., 19 Am. R. 78, is an authority for holding that the exemption defeats this assessment. That was an action to enforce an . assessment on a lot in Jefferson street, Louisville, for regrading and repaving the sidewalk along the front of the lot. The *133 judge delivering the opinion stated tbe fact to be, that “ the lot was conveyed to the city in 1834, to be held in trust for the use of the Roman Catholic congregation in Louisville, as a burying ground, and has been filled with graves for more than twenty years, and has never been used since 1834 for any other purpose than a graveyard ; and it is admitted that no revenue is derived from it, and that the Rt. Rev. Bishop MeClosky, who now holds the title as trustee, has no funds in his hands belonging to the trust with which'to pay the assessment.” The legislature had not granted authority to remove the bodies, nor had the city assumed to exercise such authority, and the court held that there was no authority to enforce the assessment in that suit. And see Matter of Mayor, 11 Johns. 77, and Albany Street, 11 Wend. 150. But here, for aught that appears in the record, the association has funds to pay the assessment, and indeed for aught that appears it has lands not occupied by graves exceeding one hundred acres in quantity. It does not appear that the association is without the means to pay the assessment, and certainly we could not assume that it will remain without funds. Although the association is not strictly one for mere profit, nevertheless it is empowered by the statute to do, at its own expense, not only the very work for which it is here in part assessed, but it may improve and ornament its grounds in such way as to its officers may seem proper. While the cemetery lands, assuming them to be within the limitation, cannot be sold on any legal process, we think the city may, nevertheless, be able to collect the assessment, if indeed occasion should arise for resorting to further proceedings in this case ; for the statute plainly authorizes proceedings both at law and in equity (Rev. Stats. §§ 2286, 2287), and payment, if not voluntarily made, could doubtless be secured by the appointment of a receiver, by sequestration, or by such other appropriate remedy as equity may afford (2 Dillon’s Mun. Corp. § 822), without in any way disturbing the resting place of those reposing in “the city of the dead.”

Judgment reversed.