[Sac. No. 1010.   In Bank.—September 13, 1904.]

SAN FRANCISCO SAVINGS UNION, Appellant, v. REC-
LAMATION DISTRICT NO. 124, Respondent.

Action against Reclamation District—Authority of Law.—An action does not lie against a reclamation district unless expressly authorized by law, whether it be regarded as a quasi-public corporation or a public agency of the state.

Id.—Construction of Statute—Reorganization of Districts—Applicability of Political Code.—Section 3478 of the Political Code, allowing reclamation districts formed under laws in force prior to May 27, 1868, to be reorganized thereunder, did not apply to corporations organized under the act of 1868.

Id.—Subsequent Act Limited by Express Terms and Exceptions.— The act of March 10, 1885, providing that all corporations organized prior to January 1, 1873, "which are now, and have been ever since their creation, prosecuting the objects for which they were created," are to be subject to the provisions of the Political Code, with certain excepted provisos, applies only to reclamation districts shown to be within its express terms, and not excepted out of them, and the amendment of 1899 to section 3453 of the Political Code cannot have the effect to sustain an action against excepted districts.

Id.—Pleading—Insufficiency of Complaint against District—Applicability of Statute not Shown.—A complaint against a reclamation district filed subsequent to the act of March 10, 1885, which does not aver that "the reclamation district was at the time of the passage of that act, and ever since has been, prosecuting the objects for which it was created," does not state a cause of action or show a right to sue the reclamation district.

Id.—Pleading of Exceptions.—The right to maintain an action against a reclamation district is an exception to the general rule, and the rule of pleading applies that a party who brings himself within an exception to a general rule must state facts which take his case out of the general rule and within the exception, and when matter is placed by way of exception in a general clause of the statute allowing such action, the pleading founded upon it must bring the case within the qualification and exclude it from the exception.

Id.—Construction of Proviso—Prior Indebtedness.—Where a proviso in the statute of March 10, 1885, states that nothing therein contained "shall affect the indebtedness of the districts theretofore incurred," the effect of such proviso is the same as if the law had declared that reclamation districts, with respect to indebtedness then existing, should remain subject to the act of 1868, and the limitation upon the operation of the code upon such districts by

the proviso must be held to apply to future amendments of the code, as well as to its provisions in force when the act of 1885 was passed; and no action can be maintained against a reclamation district upon warrants drawn prior to its passage.

Id.—Prospective Construction of Statute.—As a general rule, statutes are to be construed as prospective, and not retroactive, in their operation, if there is nothing in their terms to indicate a different construction; and a statute general in its terms will not be construed to apply to past transactions as to which it would be futile or practically ineffectual, unless its language necessarily requires such a construction.

Id.—Amendment of Political Code not Retroactive upon Claims Barred by Statute.—The amendment of 1899 to section 3453 of the Political Code is not retroactive in its operation, and does not authorize a suit against a reclamation district upon claims theretofore barred by the statute of limitations.

Id.—Remedy against Reclamation District—Property not Subject to Execution—Mandamus—Bar of Statute.—If an action were brought against a reclamation district and judgment obtained thereon, it could not be enforced by execution. The only remedy in any case is by *mandamus,* and that remedy became complete and perfect upon refusal of the treasurer to pay warrants allowed for want of funds, to compel the levying of an assessment to pay the warrants, and where that remedy was barred by statute, prior to the amendment of 1899, that amendment did not revive the remedy as to such warrants, or allow suit to be brought thereupon.

APPEAL from a judgment of the Superior Court of Colusa County. John F. Ellison, Judge presiding.

The facts are stated in the opinion of the court.

Henry C. Campbell, Donald Y. Campbell, and Campbell, Fitzgerald, Abbott & Fowler, for Appellant.

The action was not barred by statute. Reclamation districts could not sue or be sued until the amendment of April 5, 1899, to section 3453 of the Political Code. Reclamation districts cannot sue or be sued in the absence of the express authority of statute. (*Whittaker* v. *County of Tuolumne,* 96 Cal. 100; *Mayrhofer* v. *Board of Education,* 89 Cal. 110;[1] *Skelly* v. *School District,* 103 Cal. 652; *Colusa County* v. *Glenn County,* 117 Cal. 434; *Witter* v. *Mission School District,* 121 Cal. 350;[2] *Savings etc. Society* v. *San Francisco,* 131 Cal. 356; *People* v. *Reclamation Dist. No. 551,* 117 Cal.

[1] 23 Am. St. Rep. 451.          [2] 66 Am. St. Rep. 33.

114; *Hensley* v. *Reclamation Dist. No. 556*, 121 Cal. 96; *Reclamation Dist. No. 551* v. *County of Sacramento*, 134 Cal. 477, 478.) The warrants were drawn upon a particular fund, and the statute of limitations cannot run against them until the right to sue upon them existed; nor can the defendant plead the statute of limitations without showing that the particular fund has been provided, or the particular method pursued. (*Sawyer* v. *Colgan*, 102 Cal. 283; *Freehill* v. *Chamberlain*, 65 Cal. 603; *Robertson* v. *Blaine County*, 90 Fed. 63; *County of Lincoln* v. *Luning*, 133 U. S. 529; 1 Wood on.Limitations, 2d ed., p. 363; *Gasquet* v. *School Directors*, 45 La. Ann. 342; *Potter* v. *New Whatcom*, 20 Wash. 589;[1] *Apache County* v. *Barth*, (Ariz.) 53 Pac. 187; *Underhill* v. *Sonora*, 17 Cal. 173; *Chapman* v. *Douglas County*, 107 U. S. 359; *King Iron Bridge etc. Co.* v. *Otoe County*, 124 U. S. 459; *Wetmore* v. *Monona County*, 73 Iowa, 88.)

E. A. Bridgford, for Respondent.

A reclamation district is a corporation, and has power to sue and be sued as incidental to a corporate capacity. (Civ. Code, sec. 354; 1 Blackstone's Commentaries, 475; 2 Kent's Commentaries, 217; *Fourth School Dist.* v. *Wood*, 13 Mass. 192; *People* v. *Reclamation Dist. No. 108*, 53 Cal. 349; *McKim* v. *O'Dom*, 3 Bland, 419.) The giving of the power to make contracts necessarily implies the power to sue or be sued in relation thereto. (Angell & Ames on Corporations, 11th ed., sec. 370; *City of Galena* v. *Corwith*, 48 Ill. 423;[2] *Von Hoffman* v. *City of Quincy*, 4 Wall. 535.) The warrants sued upon are barred by limitation. (*Bates* v. *Gregory*, 89 Cal. 389; *Buffalo etc. Co.* v. *School Dist.*, 7 Kan. App. 796; *Barnes* v. *Glide*, 117 Cal. 9.[3])

Sullivan & Sullivan, for Respondent.

A quasi-public corporation having the power to make contracts may be sued thereon. (*Morgan* v. *Board of Education*, 136 Cal. 245; 6 Thompson on Negligence, sec. 7361.) Quasi-public corporations have the incidental power to sue and be sued. (*Overseers of Poor of Pittstown* v. *Overseers of Poor of Plattsburgh*, 18 Johns. 418; *Todd* v. *Birdsall*, 1 Cow. 260;[4]

---

[1] 72 Am. St. Rep. 135.  [3] 59 Am. St. Rep. 153.
[2] 95 Am. Dec. 557.  [4] 13 Am. Dec. 522.

*Levy Court* v. *Coroner,* 2 Wall. 501; *King* v. *Harbor Board,* 57 Ala. 137; *School Commissioners of Wicomico County* v. *School Commissioners of Worcester County,* 32 Md. 203; *English* v. *Mayer,* 42 N. J. L. 277; *Armine* v. *Spencer,* 4 Wend. 407; Angell & Ames on Corporations, sec. 24; *Bradley* v. *Case,* 3 Scam. 608; *Commonwealth* v. *Green,* 4 Whart. 508; *McCloud* v. *Selby,* 10 Conn. 390;[1] *School Dist.* v. *Wood,* 13 Mass. 192.)

J. P. Bowie, for Respondent.

The complaint shows an incorporation under the act of 1868, which was not affected by the provisions of the Political Code. (*Swamp Land Dist. No. 121* v. *Haggin,* 64 Cal. 206; *Reclamation Dist. No. 203,* v. *Kennedy,* 58 Cal. 124.) Under the act of 1885 the complaint does not show a right to sue, because it does not show that the reclamation district was a going concern, as contemplated by the statute. (*San Luis Obispo County* v. *Hendricks,* 71 Cal. 242; *Rhodes* v. *Alameda County,* 52 Cal. 350; *Miller* v. *Dailey,* 136 Cal. 217.) The right of *mandamus* was barred before the amendment of 1899 to the Political Code authorizing suit, and that amendment has no application. (*Barnes* v. *Glide,* 117 Cal. 1;[2] *Hensley* v. *Reclamation Dist.,* 121 Cal. 96.) That amendment is not retroactive as against claims barred by limitation. (*McKenney* v. *Springer,* 8 Blackf. 506; *Pridgeon* v. *Greathouse,* 1 Idaho, 352.) The cause of action for *mandamus* was complete when the warrant was not paid for want of funds. No judgment was required. (*Barber* v. *Mulford,* 117 Cal. 356; *Robertson* v. *Library Trustees,* 136 Cal. 404; *Alden* v. *Alameda County,* 43 Cal. 270.)

Hudson Grant, *Amicus Curiæ,* for Respondent.

The power of a public corporation to contract a debt necessarily carries with it the power to provide for its payment, and if that power is not voluntarily exercised *mandamus* will lie to compel it. (*United States* v. *New Orleans,* 98 U. S. 381; *Barnes* v. *Glide,* 117 Cal. 1.[1]) That proceeding is barred in four years, and the legislature had no power to revive a dead claim by providing a new remedy. (Cooley on Consti-

---

[1] 27 Am. Dec. 689.    [2] 59 Am. St. Rep. 153.

tutional Limitations (Ed. 3), pp. 369, 370; *City of Seattle v. De Wolfe,* 17 Wash. 349.)

SHAW, J.—This is an action to recover money due the plaintiff on warrants drawn by order of the board of trustees of the defendant on the county treasurer, approved by the board of supervisors, presented for payment, and not paid for want of funds. The complaint consists of eighty-nine distinct counts upon a like number of warrants, amounting in the aggregate to $18,169.63. The defendant's demurrer to the complaint was sustained and judgment entered accordingly. The only ground of demurrer necessary to mention here is the general one, that neither the complaint as a whole nor any count thereof state facts sufficient to constitute a cause of action. The reclamation district was organized in 1871, under the act of March 26, 1868. (Stats. 1868, p. 515, sec. 30 et seq.) The contention of the appellant is, that the defendant is not a corporation, but a "public agency," as it has been termed, charged with the local administration of some of the functions of state government, and that, as such, it was not subject to an action until the passage of the amendment of 1899 to section 3453 of the Political Code, declaring that "from and after the election and qualification of said trustees said district shall be deemed organized and shall have power to sue and be sued"; that, as it could not be sued, the statute of limitations could not run against the cause of action until an action was authorized, and that this action was begun within the time limited and after the amendment aforesaid.

There is considerable discussion in the briefs upon the question whether a reclamation district is or is not a corporation. We do not think it necessary to decide this question. If it is a corporation, it is necessarily a quasi-public corporation, similar to a county or school district, and therefore it could not be sued until such time as an action against it was authorized by law. (*People* v. *Reclamation District,* 117 Cal. 114; *Whittaker* v. *County of Tuolumne,* 96 Cal. 100; *Skelly* v. *School District,* 103 Cal. 652; *Colusa County* v. *Glenn County,* 117 Cal. 434; *Gilman* v. *County of Contra Costa,* 8 Cal. 57.[1]) The same rule would apply if it should

---

[1] 68 Am. Dec. 290, and note.

be declared to be a public agency of the state. (*Hensley* v. *Reclamation District*, 121 Cal. 96.)

In the petitions for rehearing, and upon the reargument, a proposition was presented which was not urged upon the first hearing, and which we think is fatal to all the causes of action stated in the complaint. In *Reclamation District* v. *Kennedy*, 58 Cal. 124, this court decided that the Political Code did not apply to districts organized under prior statutes. Under the decision in *Swamp Land District No. 121* v. *Haggin*, 64 Cal. 209, a reclamation district formed under the act of March 26, 1868, could not reorganize under the Political Code. It was held in that case that section 3478, allowing districts formed under laws in force prior to May 27, 1868, to reorganize under the code, did not apply to districts formed under the act of March 26, 1868, and that the code provisions did not, of their own force, apply to such districts. This decision was rendered in September, 1883. In 1885, which was the next ensuing regular session of the legislature after that decision, a law was enacted declaring that certain districts should be subject to the provisions of the Political Code, and it is by virtue of this statute only that the appellant can claim that section 3453 of the code applies to the defendant. The act took effect March 10, 1885, and is as follows: "All reclamation districts now legally existing in the state, which were formed under the provisions of any statute of the state prior to the first day of January, 1873, which are now, and have been ever since their creation, prosecuting the objects for which they were created, shall, after this act takes effect, be subject to the provisions of the Political Code of the state relating to reclamation districts for reclamation purposes, the same as though such districts had been formed and created under the provisions of article two of said code, relating to 'swamp and overflowed, salt, marsh, and tide lands'; *provided,* that nothing in this act shall affect any proceeding that shall have been already commenced for the levy or collection of assessments in such districts when this act takes effect; nor shall it affect any act done or performed in relation to the affairs of the districts prior to said last mentioned date, nor the indebtedness of the districts theretofore incurred." (Stats. 1885, p. 77.)

We are of the opinion that, under the facts stated in the

complaint, the defendant district does not come within the scope of this act. The act, by its terms, applies only to reclamation districts which at the time the act was passed were, and ever since they were formed had been, "prosecuting the objects for which they were created." The presence of this express limitation in the statute raises the necessary implication that there were, at the time the act was passed, some reclamation districts in existence formed prior to January 1, 1873, which were not then, or had not been since their formation, prosecuting the objects for which they were created, and that this qualification was inserted in the act to carry out the legislative intention to exclude these districts from the operation of the act. The effect of the clause is, that districts of that class are not subject to the provisions of the Political Code, and that the amendment of 1899 to section 3453 does not authorize the maintenance of an action against them. It is the general rule that actions cannot be maintained against such organizations. The right to maintain such an action is an exception, existing only when the right is expressly or by necessary implication authorized by law. Hence, the rule of pleading applies to this case, that a party who would bring himself within an exception to a general rule or condition must state the facts which take his case out of the general rule and place it within the exception. The rule is well stated in *Clough* v. *Shepherd,* 31 N. H. 494, as follows: "Where any qualification or exception is stated in the enacting clause of a statute, the declaration or plea founded upon it must allege the facts which are necessary to bring the case within the qualification, or to exclude it from the exception." Or, as stated in Gould on Pleading (chap. IV, secs. 19, 20): "Where matter is introduced by way of exception into a general clause, the pleader must show that the particular case does not fall within such exception." The following authorities are to the same effect: *McGlone* v. *Prosser,* 21 Wis. 273; *Gould* v. *Kelly,* 16 N. H. 562; *Harris* v. *White,* 81 N. Y. 546; *Commonwealth* v. *Hart,* 11 Cush. 135; *People* v. *Board,* 40 Barb. 626; *Baptist Church* v. *Utica etc. Ry. Co.,* 6 Barb. 313; *United States* v. *Cook,* 17 Wall. 168; *Steele* v. *Smith,* 1 Barn. & Ald. 99; *Jones* v. *Axen,* 1 Ld. Raym. 120; Stephen on Pleading, 443; Bliss on Code Pleading, sec. 202. In order to state a cause of action, the com-

plaint must show that the defendant is subject to an action, and to do this it is necessary in this case to state that at the time of the passage of the act of 1885 the defendant was prosecuting the objects for which it was created, and that it had been so doing ever since its creation. The object of its creation was the reclamation of land, and keeping in repair the works necessary for that purpose. The complaint contains no averment to the effect that any such work had been or was being prosecuted, and for that reason it fails to state a cause of action against the defendant.

There is another clause of the act which affects the first seventy-seven counts of the complaint, all of which relate to warrants drawn prior to its passage. The act provides that nothing therein contained shall affect "the indebtedness of the districts theretofore incurred." The effect of this provision is, that although the districts embraced in the act were thereafter subject, generally, and as to future proceedings, to the provisions of the Political Code relating to reclamation districts, the same as if originally organized thereunder, yet, with respect to the debts then existing, they were not subject to the code, or, in other words, that the provisions of the code should not in any respect apply to existing debts. We think this limitation upon the operation of the code upon these districts must be held to apply to future amendments of the code as well as to the provisions in force when the act of 1885 was passed. In effect, it is the same as if the law had declared that such districts, with relation to debts then existing, should remain subject to and be governed by the act of 1868, under which it was organized. Under the act of 1868 the only means available to a creditor of the district for the collection of his debt was by *mandamus* to compel the trustees to levy an assessment to raise the funds necessary for that purpose, or to compel the county treasurer to pay any warrants presented while there were funds applicable to its payment. A new law giving a new remedy to the creditor, a right to obtain payment by an ordinary action against the district on the debt, would clearly be a law affecting the debt. The act declares that although the district shall be subject to the code in general, yet that it shall not be subject to that code so as to affect any pre-existing debt. Consequently, when the code was amended so as to give a new

remedy for the collection of the debts due from districts subject to its provisions, the effect of this limitation in the act was, that this new remedy could not apply to debts of this district, incurred prior to March 10, 1885, the reason being that this district, so far as those debts were concerned, was not subject to the code. We do not mean to say that an amendment could not have been so framed as to affect such debts, but only that there is nothing in the one in question showing such intention. It follows that the amendment of 1899 to section 3453 does not authorize an action against this district to recover a debt incurred before March 10, 1885. The demurrer to the first seventy-seven counts of the complaint was therefore properly sustained on this ground.

A more comprehensive objection to the right of the plaintiff to maintain this action is, that the amendment of 1899 to section 3453 of the Political Code is not retroactive in operation so as to apply to the claims of the plaintiff.

The general rule is, that statutes should not be so construed as to give them a retroactive operation, unless it is clearly apparent that such was the intention; that if there is nothing in the terms of the act to indicate a different construction it should be given only a prospective operation. (*Gates* v. *Salmon,* 28 Cal. 320; *People* v. *San Francisco,* 4 Cal. 127; *Allen* v. *Allen,* 95 Cal. 184.) A statute general in its terms will not be construed to apply to a particular class of past transactions as to which it would be futile or practically ineffectual, unless the language necessarily requires such a construction.

There is nothing in the language of the amendment, nor in the context, evincing an intention to make the amendment applicable so as to revive rights of action which had been barred by the statute of limitations at the time the amendment was enacted. The preceding part of the section provides for the election of trustees of the districts and prescribes some of their duties. The amendment consists simply of an addition, to the effect that after the election and qualification of the trustees the "district shall be deemed organized and shall have power to sue and be sued." Taken in connection with the context, this would seem to be intended to have a prospective operation only.

When considered in connection with the nature of the

transactions to which it is here sought to make it applicable, it will be seen that the amendment would be absolutely ineffectual, unless it is given an exceedingly unnatural and strained construction. There does not appear to have ever been any dispute between the holders of the claims in question and the officers of the district concerning the validity of the claims, and there was no necessity for legislation to establish them. They were all allowed without objection, and warrants therefor drawn upon the county treasurer. The difficulty has not been in obtaining an allowance or recognition of the claims, but it has arisen entirely from the failure of the trustees to provide funds with which to pay them. The claims accrued during the period from 1872 to 1887. They were all allowed, warrants drawn, payment refused for want of funds, and all existing remedies to compel payment barred by the statute of limitations many years prior to the enactment of the amendment. If the amendment is construed to give the right to maintain an ordinary action at law upon these allowed claims, it will still be of no benefit whatever to the plaintiff. Its right to a mandate, either against the county treasurer to compel payment, if there were in fact available funds, or against the trustees and supervisors to compel an assessment to raise funds, if in fact there were none, became complete and perfect upon the original refusal to pay the claims. The statute of limitations at once began to run against this right, and became barred within five years thereafter, if not sooner. (*Barnes* v. *Glide,* 117 Cal. 1.[1]) A judgment against the defendant in an action upon these claims would be of no direct benefit to the plaintiff, and would set him no further on the road to recovery of his money than he was at the time the claims were originally allowed. The judgment could not be collected on execution. The district has, and under ordinary circumstances could have, no property subject to execution. (*Hensley* v. *Reclamation District,* 121 Cal. 96.) It has no right to acquire property except for the purpose of carrying on the work of reclamation and matters incidental thereto. Property devoted to that sort of public use, and belonging to a public corporation or public agency, cannot be levied on and sold to satisfy judgments against such corporation or

[1] 59 Am. St. Rep. 153.

agency. The only means by which the plaintiff could obtain payment of such a judgment would be by resort to the remedy which he had in the first instance,—that is to say, a suit in *mandamus* to compel the levying of an assessment whereby money could be raised with which to pay the same. But this remedy, as we have seen, has been long since barred. It would be an impossible construction of the amendment of 1899 to hold that it not only gives the right to maintain an action against the district upon these stale claims, but also revives the right to maintain the suit for a writ of mandate to compel an assessment which had been previously barred by the statute of limitations. Such a construction could never be based upon implication merely, but would require express and distinct words to that effect. It must be presumed that if the legislature had intended such results it would have expressed its meaning in terms fitly appropriate to describe a proposition so remarkable and unusual. Moreover, such construction would undoubtedly be productive of injustice and oppression. For many years these claims had been considered as outlawed. The owners of land within the district have no doubt considered their property free from any liability on account of the burden of these debts. During this period numerous transactions must have been made upon the belief that no such burden existed. There is nothing to indicate that the legislature intended to re-establish this burden and thus disturb long-settled conditions. The natural interpretation of the amendment, so far as it is retroactive at all, is, that it was intended to give a right of action against the district upon unliquidated or disputed claims not barred by the statute of limitations, whereby the indebtedness of the district could be settled. In view of these considerations, we have no doubt that the power to sue and be sued given and imposed by this amendment was not intended to apply to causes of action against the districts which were already barred by the statute of limitations at the time the amendment was passed, and, consequently, that it has no application whatever to the claims here sued on.

The judgment is affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., Beatty, C. J., and Henshaw, J., concurred.