Lane, C. J.
The question arising from the record is, whether a corporation is liable to repair damages, for a consequential injury, arising from the exercise of its ordinary powers.
In the elder cases, while courts were hampered by the notion that corporate acts were to be performed undor the authority of their seals, no suits like the present were held to be maintainable, but the agents only were regarded as responsible to persons injured. Since the great increase of corporations, and since so much *161 of the business of the world is transacted through their agency, it becomes necessary that courts should meet their expanding powers by an extension of the limits of their liability. And one of the peculiar benefits which our system of jurisprudence possesses, is its capacity of enlargement and adaptation to the exigencies of the varying forms of social life.
That the rights of one should be so used as not to impair the rights of another, is a principle of morals, which, from very remote ages, has been recognized as a maxim of law. If an individual, exercising his lawful powers, commit an injury, the action on the case is the familiar remedy; if a corporation, 161] ^acting within the scope of its authority, should work wrong to another, the same principle of ethics demands of them to repair it, and no reason occurs to the court why the same remedy should not be applied to compel justice from them.
In a ease like the present, I do not look so much for precedents as to the following out of incontestable principles; for the current of decisions, for a long time, has been to increase the liabilities of corporations. Every year furnishes new examples, of the extension of remedies against them, where an injury is done, and remedies are applicable. It does not, therefore, appear to me to be a sufficient reason, against sustaining this suit, that in other states the remedy is not extended so far. But no decision of our own state goes to deny the right to the present action. In the two cases reported in 4 Ohio, 500, 514, we held the corporation of Cincinnati liable for injury done by grading, either illegally or maliciously. This was regarded as carrying the law beyond decided cases. In Scovil v. Giddings, 7 Ohio, 211, we held the agents of the trustees of the town not liable, because they were acting within their jurisdiction. In Hickox v. City of Cleveland, 8 Ohio, 543, we hold the city not liable by action, for an injury by grading, because the statute conferring the power prescribed a form of assessing damages, by which compensation might be made.
Upon the whole, then, we believe that justice and good morals require that a corporation should repair a consequential injury, which ensues from the exercise of its functions, and that if we go further than adjudicated cases have yet gone, we do not transcend the line to which we are conducted by acknowledged principles.
*162 We hold, therefore, that corporations are liable like individuals, for injuries done, although the act was not beyond their lawful powers.
Judgment reversed.