White, J.
The defendant places his defense on two grounds:
1. That the assessment, to defray the expenses of the work, should have been made upon property bounding upon the entire length of Michigan street.
2. That no portion of the expense, of the work done in the squares, formed by the intersection of the streets, should have been charged upon the property bounding on Michigan street; or, if any, not more than half.
Are these propositions sound ?
The discretionary power of the legislature to authorize municipal corporations to impose assessments, as contradistinguished from taxes, upon the property within the limits of the corporation, is subject only to the duty enjoined by the constitution, to restrict such power so as to prevent its abuse.
In the amendment, passed March 11,1853, of the general law for the organization of municipal corporations, the legislature have undertaken to discharge this duty, as to the apportionment of assessments for the improvement of streets; and it was under this act that the work sued for in the present case TYas performed.
By section 18 of this act (Swan’s Rev. Stat. 985), it is provided, among other things, that the corporations named, shall have power to lay off, extend and establish, improve and keep in order and repair, streets; to enter upon or take for such purpose, when required, land or materials ; and to assess and collect a charge, oii the lots or lands through, or by which, a street shall pass, for' the purpose of defraying the expenses of constructing and repairing, or lighting such street. The charge is required to be in proportion, either to the feet front of the lot or land abutting on such streets, or to the value of such lot or land, as assessed for taxation, under the general law of the state, as such municipal corporation may in each case determine.
The power is here given the corporation of electing which of the two modes of assessment it will adopt; but when this election is made, the discretion ends, and the law prescribes the rule of uniformity for the imposition of the charge, as well *441 as the extent of its operation. • It is to be assessed upon the lots or lands abutting on such street, or the owners thereof. And here arises the first question in the present controversy; which is simply one of construction — the meaning of the language employed. Are all the lots or lands abutting on the entire street intended, when but a part of the street is improved ? as claimed on behalf of the defendant, or only the lots and land abutting on the part of the street improved?
This question was before the court in the case of The Northern Ind. R. R. Co.,v. Connelly (10 Ohio St. Rep. 159), and decided adversely to the claim of the defendant. It was there held that the lots and lands to be assessed were those abutting on the part of the street improved. But it is said, the case cited, is based upon the authority of Scovill v. The City of Cleveland (1 Ohio St. Rep. 133), and that the difference between the provision of the charter passed upon in ScovilTs case, and that of the general law, under which the city of Toledo derives its power, was overlooked. It is true, the language of the legislative provisions referred to is different; also the rule of apportionment; but upon the point in controversy we still think the cases are analogous.
The charter in question, in ScovilTs case, authorized the city to improve any road, street, etc., and the expense was to be apportioned, according to benefits, upon the land and ground “ abutting upon such road, street, etc., or near thereto.” It was claimed that the assessment should have been made upon all the lands benefited, bounding upon the 'whole street, while it appeared that it was in fact put only upon lands abutting upon the part of the street improved, and “ near thereto.” The1 latter words, as used in the charter, evidently meant lands, not on the street, but near to it, and can not, therefore, aid in the solution of the present question. The opinion of the court in answer to this claim was, as expressed on n. 133, that the charter had controlled the discretion of the city council, by requiring them to make the assessment upon lands abutting upon the improvement, or near thereto. “ If (says the court) the council have power under the general words ‘ any street,’ etc., in the first clause of the section, to improve a part of a *442 street, it seems to us clear that the words in the next clause, * grounds bounding and abutting on such street/ confine the assessment do ground on the part of the street improved.” If the limitation, found to have been imposed upon the discretionary power of the city in that case, was the result of a correct construction of the charter, we do not perceive why the same construction was not properly applied to the provision of the general law now in question. In the former case, the assessment was confined to the lots abutting on the improvement, but was required to be applied, within the prescribed limits, in proportion to the benefits derived by each from the improvement. In the latter, it was held, that the assessment was to be confined to the same limits, but that the legislature had declared against discrimination, and that, in cases where a local assessment was made, the benefits should be considered as equal, and be apportioned either according to the feet front or value of the lots. I confess that the consequences resulting from this construction, and which, it seems to me, may be of frequent occurrence, in places of uneven surface, where much filling and excavation are required, as well as in some cases of appropriation, strongly tend to shake my confidence in its correctness, while I admit that any construction of this statute will necessarily operate, more or less, inequitably, in the imposition of assessments, from the fact that, by it, discrimination is prohibited, on account of resulting benefits, and the assessment is required to be apportioned according to the feet front or value of the several lots.
But the court is of opinion that no other construction, than the one above referred to, can be adopted, which will not encounter equal, if not greater, difficulties; and that the cases referred to are extreme and exceptional in their character.
It must be remembered that the city council is not bound to make a special assessment to meet the expenses; and can not do it, without the concurrence of two thirds of the whole number of its members, unless two thirds of the owners to be charged petition therefor. Besides, it is not to be presumed that the council would impose such assessments, in cases lib those referred to by defendant’s counsel, or where the assess *443 ment would substantially exhaust the owner’s interest in the land. The facts set up in the answer do not make such a case; and it is not supposed that the construction given to the statute will preclude a proper remedy when one shall be required.
As to the second proposition, the squares at the intersections form, in common, parts of both streets, and are to be improved as the other portions. It is the duty of the city council to determine to which of the streets, thus occupying ground in common, the expense of improvement, in any given case, is to be appropriated; or whether to both. If the necessity and object are for the improvement of only one of the streets, and in making the improvement across the square the other is incidentally affected, we think the whole expense may be assessed upon the same property on which the other expenses of the improvement are assessed.
The demurrer is sustained, and the cause remanded to the district court, for further proceedings.
Brinkerhoee, C J., and Scott, Ranney and Wilder, JJ., concurred.