338    SUPREME COURT OF INDIANA.

First Presbyterian Church of Ft. Wayne *v.* The City of Ft. Wayne and Others.

THE FIRST PRESBYTERIAN CHURCH OF FORT WAYNE *v.* THE
CITY OF FORT WAYNE and Others.

CITY.—*Church Property.*—*Assessments for Construction of Sewers.*—*Exemption.*—A building and the ground upon which the same is situated, used for religious purposes, are not liable to assessment to contribute to the cost of the construction of sewers in a city. Such property not being valued and assessed upon the tax duplicate for state and county or city taxes, no method is provided by law for its assessment for the purpose of sewerage.

APPEAL from the Allen Common Pleas.

BUSKIRK, J.—This was a proceeding by the appellant to enjoin the appellees from collecting an assessment that had been made upon the property of the appellant to pay for the construction of a sewer in the said city. There is no objection to the regularity of the proceedings of the Common Council, in ordering the work to be done, or as to the manner in which it had been done. The complaint alleges that the appellant owned lots 113 and 114 in said city; that they were ordinary sized lots, not containing over a third of an acre; that there is erected on the said lots a building for religious worship, known in common parlance as the Old School Presbyterian Church, and sometimes as the First Presbyterian Church; that the said building had been erected and used for such purpose for twenty years last past, and is still used for such purpose; that the said lots have not, since they were thus used for religious purposes, to wit, for the last twenty years, been placed upon the county or city duplicates for taxation, and have not, during such time, been assessed with such county or city taxes, nor have they been appraised or valued for such taxation; and the plaintiff avers that, for the reason aforesaid, the said lots are not subject to assessment by the city for the purposes of the construction of sewers, and that the assessment thus made is illegal and in violation of the rights of the plaintiff herein. It further appears from the complaint, that the civil engineer of said city returned to the common council an estimate of the costs of the con-

struction of the said sewer, in which estimate there was assessed in favor of the said contractors, against the plaintiff, the sum of four hundred and nine dollars and twenty cents, as the owner of the said lots, and that such proceedings had been had, that a precept had been issued to the treasurer of the said city, commanding him to make said sum of money and the costs by the sale of the said premises, and that he would do so, unless restrained. The appellees demurred to the complaint, which was sustained, and the appellant excepted, and refusing to amend, the court rendered final judgment for the appellees, and the appellant appealed to this court.

The only error assigned is, for sustaining the demurrer to the complaint. Did the court err in sustaining such demurrer ?

There is no doubt that, under our constitution, the premises described in the complaint were exempt from state and county taxation. Sec. 1 of article 10, 1 G. & H. 50; sec. 6 of Assessment Laws, 1 G. & H. 69; *The Common Council, etc.,* v. *McLean,* 8 Ind. 328; *Orr* v. *Baker,* 4 Ind. 86.

There is just as little doubt that a tax, as contemplated by the constitution and statute referred to, is entirely separate and distinct from an assessment for local purposes, and hence such an assessment does not come within the exemption. This question has been ably discussed by this court in the case of *Palmer* v. *Stumph,* 29 Ind. 329. To the same point are other decisions in other states having constitutional and statutory provisions like ours. *The Northern Indiana Railroad Company* v. *Connelly,* 10 Ohio St. 159; *The Northern Liberties* v. *St. John's Church,* 13 Penn. 104; *The State* v. *Robertson,* 4 Zab. 504; *Lefevre* v. *Mayor, etc., of Detroit,* 2 Mich. 586; *Bleecker* v. *Ballou,* 3 Wend. 263. From these authorities it is established that an assessment is not a tax, such as will entitle the appellant to exemption under our constitution and statutes.

The authorities above cited also show that the several states have uniformly held that church property can be

assessed for street improvements by municipal corporations. A leading case is that of, In the matter of the application of the mayor, aldermen, and commonalty of the city of New York, for the enlarging and improving a part of Nassau street, in the said city, 11 Johns. 77.

This decision of the New York court, under a state constitution similar to ours in reference to the exemption of church property from taxation, has been followed and approved by many other states with similar constitutional exemptions.

The real and substantial question involved in this case is, whether, the property of the appellants not having been appraised and assessed for the purpose of state, county, and city taxation, there is any mode provided by the statute, by which the value of the property can be ascertained, and the expense properly chargeable against the said property for the construction of such sewer can be fixed and determined.

The forty-third clause of section 53, 3 Ind.Stat. 88, of the act providing for the incorporation of cities, reads as follows:

"Forty-third. To construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same; to cause the same to be done by contracts, given to the best bidder, after advertising to receive proposals therefor; to provide for the estimate of the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportion as the common council may deem just, which estimate shall be a lien upon such lots and lands, and may be enforced by sale of the same, in such manner as the common council may provide; provided, however, that not (to) exceed ten per cent. of the value of such lot or lands, as the same is valued and assessed upon the tax duplicate for state, and county, or city taxes, shall be assessed against such lot or lands, in any one year."

It is earnestly maintained by the appellant, that inasmuch as the premises owned and used by it have never been appraised, valued, assessed, or placed on the duplicate for

state, county, or city taxes, the value of the said premises cannot be ascertained in that mode, and that the legislature having failed to provide any other mode by which its value could be ascertained, the estimate made by the city civil engineer was illegal and void.

Two briefs have been filed by the appellees. The one by the counsel for the city, and the other on behalf of the contractors. The positions assumed by the counsel for the appellees are not entirely harmonious and consistent with each other.

The counsel for the city assumes the following position, namely: "Taxes are public burthens imposed, as burthens, for the purpose of a general revenue; assessments are made with reference to the special benefit which such property derives from the expenditure." See *Palmer* v. *Stumph*, 29 Ind. 329; *The Northern Indiana Railroad Company* v. *Connelly*, 10-Ohio St. 159. There has been no decision in this State, as yet, upon the effect of the proviso relied on by appellant, but there has been a decision made by the Supreme Court of Ohio, which, we think, is of high authority upon the subject, because based upon a similar statute. The statute will be found on page 1546 of Swan and Critch. Stat. We will quote a part of this statute, which is as follows:

"After speaking of the mode of making these street improvements, the statute continues: that the 'common council may, by ordinance, levy and assess a tax, to defray all the expenses consequent upon such improvements, on the owner, or owners of the lots or lands, or on the lots or lands by or through which such street, alley, or public highway shall pass, according to the true intent and meaning of this section, either by the foot front of the lots or lands bounding and abutting thereon, or according to the value of such lots or lands, as assessed for taxation under the general laws of the State, as the city council may, in each case, determine.' Then follows a proviso, similar to that relied upon by the appellant, which is in words, as follows: 'provided, that in no case, shall the tax levied and assessed upon any lots or lands, for any im-

provement, authorized by this section, amount to more than fifty per cent. of the value of said lots or lands, to be estimated after the said improvement has been made, and all the cost of the said improvement, exceeding said per centum, that would otherwise be chargeable on said lots or lands, shall be paid by the municipal corporation out of its general revenues.' If the position of the appellant be correct upon the proviso in clause 43 of sec. 53 of our city charter, then, by the same argument, the cities of Ohio, under their charter, might assess all lots or lands, for street improvements, if abutting on the street, by the foot front, but if they should adopt the other mode, viz.: 'according to the value of such lots or lands as are assessed for taxation under the general laws of the State,' then they could not assess 'all lots or lands,' but only such as might be valued and assessed for state, county, or city taxation."

*The Northern Indiana Railroad Company* v. *Connelly*, 10 Ohio St. 159, and *Creighton* v. *Scott*, 14 Ohio St. 440, are referred to as containing a construction of the Ohio statute above quoted, and that such decisions are applicable to the case under consideration. It is provided in the Ohio statute that the "common council may, by ordinance, levy and assess a tax to defray all the expenses consequent upon such improvements, on the owner, or owners of the lots or lands, or on the lots or lands by or through which such street, alley, or public highway shall pass, according to the true intent and meaning of this section, either by the foot front of the lots or lands abutting and bounding thereon, or according to the value of such lots or lands, as assessed for taxation under the general laws of the State, as the city council may in each case determine."

By the above statute two modes were provided for levying the tax, and the city council had the right to adopt either mode.

The supreme court of Ohio, in *The Northern Indiana Railroad Co.* v. *Connelly*, *supra*, say: " The law, purposely, leaves the city authorities free to adopt whichever mode they, under the circumstances, may deem most equitable."

In *Creighton* v. *Scott, supra,* the court say: " The power is here given the corporation of electing which of the two modes of assessment it will adopt; but when this election is made, the discretion ends, and the law prescribes. the rule. of uniformity for the imposition of the charge, as well as the extent of its operation."

The forty-third clause of section 53 of our city charter does not give any discretion to the common council. There is but one mode provided. It was held in the above cases that when the election was made, the mode pointed out by the law had to be pursued. Either the one mode or the other had to be pursued. When a power is conferred upon a court of inferior and limited jurisdiction, or upon the municipal authorities of a city, and the manner in which the power is to be 'exercised is pointed out and prescribed, that mode must be pursued; for such courts or the common council of a city can exercise no power that is not directly, or by necessary implication, conferred. When the legislature says that a thing shall be done in a particular manner, it cannot be done in a different manner, and this is especially so, where there are negative words, that in effect prohibit the doing of the thing, unless it is done in the manner prescribed, as there are in the proviso. *English* v. *Smock,* 34 Ind. 115.

But it is maintained that authority is conferred, in the body of the clause under consideration, upon the common council to provide for the estimate of the cost thereof, and the assessment of same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportion as the common council may deem just. We are inclined to think that the above clause has reference to the benefits; but suppose it confers full authority on the common council to make estimates, is not the power thus conferred taken away, unless it is done in the manner pointed out in the proviso?

In *Voorhees* v. *Bank of United States,* 10 Pet. 449, it was held, that " a proviso in deeds or laws is a limitation or exception to a grant made or authority conferred; the effect of which is to declare that the one shall not operate, or the

other be exercised, unless in the case provided." See *Way-man* v. *Southard*, 10 Wheat. 1.

Sedgwick says, " A curious rule of a very arbitrary nature, to which I have already alluded, prevails with regard to pro-visos. It is, that when the proviso of an act of Parliament is directly repugnant to the main body of it, the proviso shall stand, and be held a repeal of the provision, as it speaks the last intention of the makers." *Attorney General* v. *Chelsea Water Works Company*, Fitzg. 195 ; 2 Dwarris on Stat. 515 ; *Rex* v. *Justices of Middlesex*, 2 B. & Ad. 190.

The mode of making assessments upon property for street improvements is quite different from that provided in the case of sewers. It is provided in section 68, 3 Ind. Stat. 98, as follows :

" And the common council are hereby invested with full powers to pass by-laws and ordinances providing how and in what manner the repairs shall be made, and in what man-ner the same shall be assessed and collected from such owner or owners, and the manner in which the lien of the city for the expense incurred by her may be enforced against the lot or lots of such owner or owners." Section 70 of said act confers on the common council the power to cause estimates to be made from time to time of the amount of work done by the contractor, and to require such amount to be paid to him, etc.

By the above sections full and ample discretion is con-ferred on the council in reference to street improvements. The counsel for the contractors, in their brief, assume the following positions :

" We insist that the proviso has no such effect as is claimed for it, and that it can only have effect given to it by apply-ing it only to the cases for which it was intended, and by holding that the legislature did not intend to give the bene-fit of the ten per cent. clause to wealthy corporations but only to individual property owners, who might be seriously inconvenienced by a burdensome assessment for the improve-ment.

First Presbyterian Church of Ft. Wayne *v.* The City of Ft. Wayne and Others.

"We think the true construction of the clause with the proviso must be, that the proviso does not abrogate the power to assess church property, conferred by the enactment preceding it, but that, being remedial, and for the benefit of property owners simply, it does not apply or take effect in a case where the property benefited is not on the tax duplicate at all, and consequently that the owners of property, not on the duplicate, cannot claim any benefit under the proviso, but must become at once liable for the whole amount of the assessment."

We do not think that the above construction is correct. We cannot bring our minds to the conclusion that the legislature intended to impose upon churches and educational institutions harder conditions than were imposed upon the private citizen, whether rich or poor. It would create unjust discriminations. It would be quite as reasonable to presume that the legislature did not intend to assess any property that was not on the tax duplicate for state, county, and city purposes. We do not think that either of the above constructions is correct. The more reasonable presumption is, that it never occurred to the draftsmen of the above section, that there was any property that was not on the tax duplicate. In our judgment, it was an accidental omission. The value of the premises in controversy not being on the tax duplicate, and they having never been valued and assessed for state, county, or city taxes, the estimates for the work done cannot be made on such valuation, and there being no other mode provided for ascertaining the value of such property, the estimates made by the city civil engineer were made without authority of law, and are consequently illegal and void.

We have reached this conclusion after a very careful and mature consideration, and with much reluctance. But it is our duty to construe the law as made by the legislature. We possess no legislative power. The remedy must be provided by the law making power.

The judgment is reversed, with costs, and the cause is

remanded with directions to the court below to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

WORDEN, C. J., having been concerned as counsel was absent.

*J. L. Worden, J. Morris, W. H. Wethers, W. H. Coombs,* and *W. H. H. Miller,* for appellant.

*R. S. Robertson* and *J. Colerick,* for appellees.