Stone, J.
The street laid out and opened, pursuant to-the order of the city council, extended from Lagrange street to Elm street. It was laid out and opened under an ordinance which provided for the extension of Water street, and the question is presented, whether the assessment-made upon the lands fronting upon the original street, to *130 pay the cost of the land appropriated for the new street was authorized by law. It was suggested in the argument originally filed on behalf of the defendant, that the assessment was authorized by the 26th section of the act of May ■3, 1852, to provide for the organization of cities and incorporated villages, as amended by the act of May 1, 1858, without reference to the amendatory act of April 5, 1866; but on the re-argument subsequently had, this position was, we think, properly abandoned. The section referred to, as amended by the act of May 11, 1853, authorized all municipal corporations to lay off’ and establish, to extend and to improve streets, and where a street was improved, to charge the expense of the improvement upon the abutting lots. As amended by the act of May 1, 1858, municipal corporations were authorized to include in the assessment the value of the land appropriated for either of the purposes named; but with respect to the lands to be assessed, no change in the language of the original section was made by either amendment. In N. I. R. R. Co. v. Connelly, 10 Ohio St. 159, and Creighton v. Scott, 14 Ohio St. 438, it was decided by this court, in accordance with the decision in Scovill v. The City of Cleveland, 1 Ohio St. 133, where an analogous’ statute was under consideration, that where a part of a street only was graded or paved, the lands authorized by this section to be assessed were those abutting upon that part of the street thus improved.
The power of assessment with respect to the cost of tke land taken for the extension of a street, is certainly not more extensive. Where a part of a street is improved, as by grading or paving, it may, with much reason, be claimed that the street, as a whole, is within the meaning of the statute improved; but the extension of a street is not necessarily an improvement of the original street, and is not so treated by the statute. Power is given by the section cited to extend streets; but this, like the power to open and establish streets, is an independent power. It is not embraced in the power to improve streets; and while the extension of a street may, in a particular ease, have the *131 ■effect to improve the street extended, the power of the corporation to cause the extension to be made does not depend upon whether or not that effect will be produced.
In the present case the city was authorized to open a ■street extending from Lagrange to Elm street upon the line actually adopted. Whether the new street was called by a new name, or was treated as an extension of Water street, the same practical result would he accomplished, and the effect upon the original street, and the property abutting thereon, would be the same.
The correctness of this construction of the act of 1858 was impliedly recognized by subsequent legislation. Amendatory and supplementary acts were passed enlarging, in the particulars referred to, the power of municipal corporations with respect to assessments. Of this character was the act of April 5, 1866 (S. & S. 834), in force at the time the proceedings now in controversy were had. This .act authorized the city council, in their discretion, to charge the cost of the improvements therein referred to, by a ratable assessment, upon the lots abutting upon the entire street, or upon those only abutting upon that part of the street where the improvement was made. It is insisted on behalf of the city that this act authorized the assessment now in question. But if it be conceded that the extension •of a street is one of the modes of improving the, street extended, contemplated by this act, an insuperable objection to sustaining the assessment upon this ground is found in the fact that the city failed to comply with the conditions upon which the exercise of the power, conferred by this act, was made to depend. Before ordering any street improvement, the cost of which was to be charged upon the abutting lots, it was made the duty of the city council to declare, by resolution, that such improvement was necesary, and to cause such resolution to be published- for the period of four weeks. It was decided by this court in Walker v. Potter, 18 Ohio St. 85, that under the peculiar phraseology off this act, the adoption and due publication *132 of this resolution was a necessary prerequisite to the exercise of the power of assessment thereby conferred.
It is said, on behalf of the city, that the object of the-legislature in requiring the adoption and publication of this-resolution was to fix a time within which those claiming damages by reason of a proposed improvement, after being-thus notified of its character, might be required to present, their claims. And assuming that no damages, of the character contemplated by the act, could arise by reason of the-extension of the street in question, counsel for defendant insist that these provisions of the statute have, in the present case, no application'.
But upon this point it is sufficient to say that the statute-makes no such exception. Its language is general, and applies in all cases where the expense of the improvement is to be provided for by a special assessment of particular-property. And while it is evident that the legislature, in providing for the adoption and publication of the preliminary resolution, had prominently in view the object suggested by counsel, the language of the act does not justify the assumption that this was the only object of these requirements. They were well calculated to prevent a hasty and. inconsiderate exercise of a power, not altogether exempt., from liability to abuse — that of special taxation. These-provisions being obsei-ved, no special tax could be levied to pay the expense of an alleged street improvement, unless,, before the work was ordered, or any expense incurred, a majority, at least, of the city council were willing, upon their official responsibility, to declare and to publish the-declaration, that the proposed work was a necessary improvement of the particular street.

Demurrer to petition overruled, and perpetual injunction ordered.

Day, C. J., McIlvaine, Welch, and White, JJ., concurring.