Minshall, J.
The principal objection urged to the validity of the assessments made upon the property of the plaintiff below is, that in the aggregate, they exceed the amount that can lawfully be assessed upon her property in any period of'five years. Section 2270, Revised Statutes, provides that the assessment shall in no case amount to more than twenty-five per centum of the value of the property as assessed for taxation; and section 2283 further provides that special assessments, whether by the front foot or otherwise, shall be so restricted, that the same territory shall not be assessed for making two different streets, within a period of five years in such amounts that the permitted maximum assessment will be exceeded thereby. Now, it is contended, from a construction, placed on the language of section 2264, Revised Statutes, taken in connection with the provisions of section 2790, fixing the duties of district appraisers of real estate, that the language, “the value of the property assessed for taxation, ” contained in section 2270, means the value of the land simply, without its improvements; because, by section 2264, the council, preparatory to ordering an improvement to be paid for by an assessment on the foot front or otherwise, is, by ordinance, required to set forth “specifically the lots and lands to be assessed, ” and that it appears from section 2790, that lots and lands are, for the purpose of taxation, appraised separately from the improvements upon them. We are unable to collect any such - intention from the statutes referred to. The stat *401 utes upon the subject have been in force, substantially as they how are, for a great many years, and this is the first time the. question has been raised or mooted. The practice has been uniformly the other way ; and, as we think, in conformity to the real intention of the legislature. Ordinarily, in legal contemplation, where a lot or tract of land is mentioned or described, it includes, without more, all the improvements upon it, constituting part of the realty; so that the description of the lots and lands to be assessed, required by section 2264, includes the improvements thereon for the same purpose; and it is one-fourth the value of the lot or land as assessed for taxation, that is to furnish the limit to the assessment that can be made thereon under the provisions of section 2270. The provisions of section 2790 have, as we think, no reference to, or connection whatever, with the subject of assessments; nor were the statutes regulating assessments made with any reference to this section. It requires the assessor to obtain a pertinent description of each tract and lot of real property in his district, and note on his plat book separately the value of dwelling houses, mills, etc., exceeding the value of a hundred dollars which shall be carried out as a part of the value of such tract; and this is its value as assessed for taxation, and on which taxes are in fact levied. The purpose of requiring the value of the improvements to be separately stated, was, in case of their destruction by fire or other agent, to furnish a basis for the taxation of the land, until the next decennial appraisement. It will not be claimed that a street improvement is of no value to the improvements on the abutting property; indeed, its chief value is to such improvements, increasing as *402 it does, the owner’s convenience in the enjoyment ' of his improvements. The aggregate of the two assessments made on the property of the plaintiff below, does not exceed twenty-five per centum of its value as assessed for taxation; and they are, therefore, not invalid on this ground.
It is also claimed that under section 2269, the depth of the plaintiff’s property on the respective streets, shou]d, in making the assessments, have been taken into consideration. But this section has, as we think, no application to the ease. Where the assessment is by the front foot, it applies only where land “bounding or abutting on the improvement, has not been subdivided into lots;” and then merely for the purpose of fixing a limit beyond which the lien of the assessment shall not attach; and the limit to be fixed is, the ordinary depth of lots in the ■ neighborhood. The plaintiff is the owner of a subdivision of a lot,'and does not therefore come within the provisions of this section. The depth of her lot on Main street or upon Sandusky street, is not material, if it in fact fronts upon both. The making of assessments by the front foot has been approved as an equitable mode of apportioning the costs of an improvement upon the property benefited. Railway Co. v. Connelly, 10 Ohio St., 159. And, irrespective of its depth, where regard is had to its proper front, is as likely to avoid inequality, as any mode that may be adopted. Where property lies lengthwise on an improvement on which it also fronts, the benefit of the improvement to the propertj^ is, manifestly, more in proportion to its front than to its depth, particularly where used for business purposes. Absolute equality in making assessments, may find a place in theory, but is not at- *403 tamable in practice. Apportionment, whether according to benefits or according to valuation, by the estimate of men, is subject to the inaccuracies of fallibility, or, per chance, to the influences of favoritism or personal interest; so that all that can reasonably be demanded of whatever method that may be adopted, is that it shall tend, in its general application, to a fair and just apportionment of the burthen among those benefited by the improvement; and that apportionment by the front foot irrespective of the depth of lots, generally accomplishes this result, is evidenced by the freqency of its adoption, where, under the statute, the-parties have a choice of different methods.
It is also objected that the assessment on San-dusky street is not uniform. The street was improved in sections, because not of uniform width. Each section is, however, of uniform width, and the assessment thereon the same. The method adopted was a just one. Each section pays for the improvement on it. The same result could have been attained by separate proceedings. This, however, would have added to the expense, without any compensation to the property holders. No good reason is shown why it could not all be done in one, as well as in manjq different proceedings. This is not inconsistent with Jaeger v. Burr's Admr., 36 Ohio St., 164. In that case, allowances were made to- some of the property holders on the improvement for improvements made by themselves on the street improved; so that the amount assessed them by the foot front, was less than it was on others for the same improvement. This, the court held, invalidated the assessment. Here, on the same section, or improvement, each is assessed at the same rate. •
*404 It is also claimed that the property of the plaintiff lies lengthwise, but does not front on Sandusky street. That its front is on Main street, and should, therefore, under the Haviland case, 50 Ohio St., 471, be assessed for the number of feet front it has 'on Main, if turned so as to front on Sandusky street, which would be thirty feet. The finding of fact hardly warrants this conclusion. The court finds that it fronts thirty feet on Main street and lies lengthwise 140 feet on Sandusky street, without finding that it does not front thereon. In view of this uncertainty in the finding, the case - will be remanded to the circuit court to make an assessment in accordance with the rule laid down in the Haviland case, and followed in the case of Sandrock v. Columbus, Ante, 317, if the court finds that, as a matter of fact, though the property abuts, it does not front, on Sandusky street; otherwise, that the prayer of the petition be not allowed.
Other objections are made, but do not, as we think, affect the validity of the assessments, particularly, in view of the fact, that the plaintiff desired the improvement to be made, and knew that her property was to be assessed for the costs and expenses of the same.
Judgment reversed, and petition dismissed as to the assessment for the improvement of Main street; and cause remanded for fw'ther proceedings as to that for the improvement of Sandusky street.