(Hamilton Co, O., Court of Common Pleas.) 1897.

THE CITY OF CINCINNATI FOR THE USE OF WILSON & STRACK v. THERESIA FUGMAN, et al.

---

1. While the construction of a sewer in a street is in the nature of a street improvement, yet "making" a street does not necessarily include the construction of a sewer.

2. The authority for street making, is found in statutes entirely different from the statutes authorizing the construction of sewers; but to each construction applies the law that the assessment for its cost shall not exceed twenty-five per centum of the value of the property.

3. The two constructions may proceed concurrently or be made at different times; but the assessment for the cost of each must be separately levied.

4. Where the assessments for each construction is less than the twenty-five per centum limitation, both may be levied with respect to the same property, although the time within which both street and sewer be made is less than five years.

HOLLISTER, J.

These cases are brought to enforce the payment of a sewer assessment of $2.00 per front foot of the respective properties of the several defendants, abutting on the street in which the sewer was built. The proceedings resulting in the assessments were all regularly taken under the statutes authorizing the construction of sewers and an assessment for the cost thereof, not exceeding $2.00 per front foot. It appears that the same street was improved by grading and paving in 1890, and the proceedings to improve by the construction of the sewer were instituted in 1893, and the sewer was laid in 1894.

The defendants claim · that the effect of these separate proceedings is such as to bring the case within the operation of sec. 2283 Rev. Stat., which provides that "special assessments" whether by the feet front or otherwise, shall be so restricted that the same territory shall not be assessed for making two different streets or avenues, within a period of five years, in such amounts that the maximum assessment herein provided will be thereby exceeded * * * ."

The "maximum assessment" referred to, is that prescribed by sec. 2271, which for any improvement "shall not * * * exceed twenty-five per centum of the value of such lot or land after the improvement is made." The broad claim is made that a sewer improvement is a street improvement, and that abutting lands cannot within five years be assessed both for improving the street by grading, etc., and by improving it by constructing a sewer in it, where the cost of both exceeds 25 per cent of the value of the land, as in this case.

This court held in the case of Nitzel v. Village of St. Bernard, 3 N. P. 317, that "sewers are street improvements," under secs. 2264, 2935, 2696, and Hartwell v. C., H. & D. R. R. Co., 40 Ohio St. 155, and so they are a kind of improvement. An examination of the statutes discloses that under Chap. 4, Tit. XII, Div. 7, entitled "assessments", are found all of the provisions authorizing assessments for the construction of streets, and of sidewalks, and of sewers, each of the different kinds of improvement being provided for by separate statutes, under specific subdivisions, respectively entitled, "assessments in general," "sidewalks and water courses," and "sewers and assessment therefor."

Section 2283 is found under the subdivision; "assessments in general," and apparently would apply to any kind of assessment; but its language restricts its application to cases where assessments are sought to be levied "for making two different streets" within five years.

It is very plain that the making of a street is quite a different matter from constructing a sidewalk, or building a sewer. Whether a sewer is a necessary part of a street improvement, depends upon circumstances. Probably but a small number, comparatively speaking, of streets are constructed with sewers in them, at the first instance. Usually sewers are laid, not as a part of complete street construction, but for the purpose of serving the needs of the people, whose lands abut on the street. Doubtless for this reason, the legislature provided separate systems of procedure and assessment, each applicable to the particular kind of improvement thought necessary at any certain time by the legislative body of a municipal corporation.

The effect of the decision in Nitzel v.

St. Bernard, is that such body might, by taking all of the steps separately provided for the construction of streets, and the laying of sewers, proceed with both improvements concurrently; but must separate the assessments, so that the property owner might have the opportunity of electing to pay either assessment in cash, if he desired to do so, instead of being compelled either to pay both in cash as one assessment, or let both run for the prescribed period of years as liens on his property.

The conclusion must be that while "making" a street, might include the laying of a sewer in it, if the circumstances made a sewer a necessary part of its construction; yet the laying of a sewer is not per se the making of a street by any sort of reasoning, and, therefore, that section 2283, does not apply to this case.

In Hunt v. Hunter, 11 C. C. 69, it was held that an assessment for a stone sidewalk levied within five years from the time an assessment was made for grading the street, was proper, although the sum of the two assessments exceeded 25 per cent. of the value of the land assessed, the circuit court in the 6th circuit being of opinion that assessments for sidewalks were made under a different statute from that under which streets are improved.

In Cole v. Hunter, 5 Ohio Nisi Prius Reports, 13 an assessment for a stone sidewalk was levied on a lot within 2 years of an assessment for paving the street. It was not claimed that the case came within section 2283. Pugsley, J. held that the two assessments could not be added together for the purpose of applying the 25 per cent. limitation to them, but each was valid to the extent of that per centum of the value of the property.

Without doubt, no single assessment for any of these several kinds of improvement is, under section 2271, valid for a greater sum than such per centum. Assessments for making streets are set aside almost daily for exceeding that sum, and it has also been held that the rule applies to sewer assessments, in addition to the $2.00 per foot limit of section 2384, (Conner v. Cincinnati, 11 C. C. 336). It would seem therefore from these authorities, and from the statute, that within five years, three assessments, each for 25 per cent. of the value of the property might be levied to cover the cost of improving a street by grading and paving, by constructing a sidewalk (if the owner, after notice, failed to construct it) and by laying a sewer.

The claim of double assessment must, therefore, fail, and with it falls also the contention that the value of the properties of the respective plaintiffs, fixed by the superior court of Cincinnati, in the suit brought to enforce the assessment for the street improvement of 1890, are conclusive in this case; for the subjects of action in the two cases are different.

The values of the lots per front foot, subject to this assessment, the court, under

[COPYRIGHT, 1898, BY CARL G. JAHN.]

the testimony, fixes as follows, not taking into consideration the value of any improvements thereon: Fugman's, Fuchs', Emig's and Jung's, at $14.00; Davis' lot at $4.00; Prinz's lot at $12.00; the Building Association's lot at $7.00; Bode's lot at $9.00, and Millers' lot at $6.00. It is apparent that the respective lots of Davis, the Building Association, and Miller will not stand an assessment of $2.00 per front foot. As to them the plaintiffs concede that no interest should be assessed (Burkhardt v. Cincinnati, 7 C. C. 260,262) until this court shall have determined the amount due.

The plaintiffs claim interest and penalty under sections 2285 and 2286.

In Toledo v. Platt, 2 Nisi Prius Rep., 304, Judge Pugsley holds that the penalty is due at the time fixed in the assessing ordinance, and puts the penalty on the same plane with the interest, and that seems right. In these cases, therefore, where the court reduces the assessment because it is more than 25 per cent. of the value of the property, no penalty should be recovered, for at no time did the defendant in such case owe the amount claimed from him, and he was justified in resisting its collection. In the other cases, however, the defendants should pay interest and penalty.

In the former class of cases, the plaintiffs should pay the costs; in the latter the costs will be equally divided between the plaintiffs and the defendants.

That the sewer is of no actual benefit to the defendants' property, is immaterial. The exercise of the power to construct the sewer and to levy an assessment for the cost pre-supposes the question of benefits to have been determined. Conner v. City, 11 C. C. 336; Holte v. McDermott, 2 B., 240; Gates v. Kohn, 2 Nisi Prius Rep., 47; Railroad Co. v. Cormolly, 10 Ohio St. 159.

A decree may be taken in accordance with this decision.

W. H. Whittaker and Jones & James, for Plaintiff.

I. J. Miller, Reuben Tyler and B. F. Ehrman, for defendants.