THE C., C., C. & ST. L. RY. CO. v. TREASURER AND AUDITOR OF LORAIN COUNTY ET AL.

*Municipal corporations—Assessments—Railway real property liable therefor, when.*

Real property owned by a railroad company within a municipal corporation, and permanently set apart for railway purposes and principally occupied by main tracks and necessary railway facilities, is liable for assessments for special improvements, if benefited thereby.

(Decided November 15, 1924.)

APPEAL: Court of Appeals for Lorain county.

*Mr. H. C. Johnson,* for plaintiff.
*Messrs. Webber* and *Symons,* prosecuting attorneys; *Mr. John K. Nece,* and *Messrs. Findley & Myers,* for defendants.

PARDEE, J.   This case comes into this court upon appeal from the Court of Common Pleas of Lorain county, in which court the plaintiff's petition was dismissed.

The plaintiff seeks by injunction to restrain the defendants from the collection of special assessments aggregating $5,800, levied by the village of

Municipal Corporations, 28 Cyc. p. 1118.

Grafton and assessed upon certain real property of the plaintiff, for the construction of a system of sanitary sewers and waterworks in that village.

The plaintiff company was organized pursuant to an act passed in 1847 by the General Assembly of Ohio, and about the year 1849 constructed part of its railway upon the land in question, which land then consisted and still consists of single, unplatted pieces in Eaton and Grafton townships in Lorain county, and ever since that time the company has maintained its main line of railway and equipment and permanently set aside these lands under its charter and the law for railway purposes exclusively.

In the summer of 1920 the council of the village of Grafton passed legislation for and later constructed a system of sanitary sewers and waterworks in the streets of the village, and decided to assess part of the cost thereof upon the property especially benefited. In carrying out its plan of assessment, the village divided the lands of plaintiff into twenty-two imaginary lots and levied the assessments thereon. Written protest against such assessments was filed by the plaintiff with the village authorities, and by agreement of counsel it is admitted that all the steps required by law in that respect were taken.

Notwithstanding the objection of the company the village council approved the assessment, and the same was certified to the county auditor and placed by him on the tax duplicate of the county for collection by the treasurer of the county. A permanent injunction is sought by the plaintiff against the entire assessment levied against all the lots and lands other than the one designated

as the depot lot, and against so much of the assessment levied upon the depot lot as shall be found by the court to exceed any special benefits thereto.

It is the contention of the plaintiff that single, unplatted strips of land, permanently set apart by railway charter and by operation of law for railway purposes exclusively, and principally occupied by main tracks and the necessary railway facilities, such as a pumping station, a combined signal and gate tower, a freight house, a depot, etc., are not especially benefited by, subject to, or liable for, assessments for the local sanitary sewer and waterworks system, except, possibly, that portion thereof designated as the depot lot.

The evidence shows that there is a public street running several hundred feet along one side of the plaintiff's property, described in the petition, in which street the sewer and water mains are placed, and that all of the so-called imaginary lots face upon this street and are of varying depth.

The plaintiff claims that under the evidence and all the circumstances all of said railway property, except the depot lot, is exempt from such special assessments, but plaintiff does not offer any evidence of any kind to reduce the amount of said assessments, and does not question the legality of the procedure had by said council in levying the same.

Plaintiff's counsel has filed a very able brief in support of his contention, but we do not find from an examination of the law, including the authorities cited, that his contention can be maintained. There can be no doubt that railroad property, including rights of way, is subject to both general taxes and special assessments, the same as other property,

and that the owners of said railroad property are entitled to the same protection against illegal taxes and special assessments as are the owners of other property.

In the case of *Northern Indiana Rd. Co.* v. *Connelly,* 10 Ohio St., 159, the third paragraph of the syllabus reads:

"3. Lands appropriated by a railroad company for its track through a city, and crossing the improved street at right angles, and upon which the track was constructed *after* the work had been completed, is liable to such assessment."

And on page 164 of the opinion the court says:

"In the case of the *Providence and Worcester R. R. Co.* v. *Wright,* 5 R. I., 459, it was held that the rails, sleepers, bridges, etc., of a railroad company, together with their easement in the lands within the located limits of the road, are real estate, and as such, liable to taxation in the towns where situated, and notwithstanding its public character, that it is still the property of the corporation, and liable to taxation. * * * If railroad tracks are taxable for general purposes, it is difficult to perceive why they should not be subject also to special taxes or assessments. The company, to advance its own interests, has seen fit to appropriate to its use, ground within the corporate limits of the city of Toledo, and over which that city had the power of making assessments to defray the expense of local improvements, and why should not the company be held to have taken it *cum onere?* A citizen would scarcely claim exemption, because he had devoted his lot to uses which the improvement could not in any way advance,

and we see no good reason why a railroad company should be permitted to do so."

See also, *Walsh* v. *Barron, Treas.*, 61 Ohio St., 15, and *Walsh* v. *Sims, Treas.*, 65 Ohio St., 211.

We are therefore unanimously of the opinion that all of the property of the railroad company described in the petition is liable to be assessed for the special improvements made by the village of Grafton, as shown by the evidence, and that none of it is exempt therefrom if benefited thereby.

We further find from the evidence that the improvements are of some benefit to all of said lands, and there not being any evidence offered by which we are able to determine by what amount, if any, the assessments exceed the benefits, the prayer of the plaintiff's amended petition is denied and the petition dismissed at its costs.

*Petition dismissed.*

FUNK, P. J., and WASHBURN, J., concur.