Hon. PIERRE ADOLPHE ROST, ⎱
Hon. GEORGE ROGERS KING, ⎰ *Associate Justices.*
Hon. THOMAS SLIDELL,

---

## CITY OF LAFAYETTE *v.* MALE ORPHAN ASYLUM.

A statute exempting the property of an institution "from all taxation, either by the State parish, or city," will not exempt it from liability to contribute to the expense of paving side walks in front of property belonging to it, ordered to be paved by an ordinance of a city corporation, made in the legal exercise of its authority. The charge imposed by the ordinance is not a tax.

A statute exempting an institution from liability to taxation, being in derogation of common right, must be construed strictly. It cannot be extended beyond its clear import.

APPEAL from the District Court of Jefferson, *Clarke*, J. *P. B. Conrad* and *Michel,* for the plaintiffs. *G. B. Duncan,* for the appellants. The judgment of the court (*King,* J. absent,) was pronounced by

SLIDELL, J. By an act of the legislature, of 12 March, 1836, it was declared that, from and after its passage, all the property, real and personal, belonging to the asylum should be exempt from all taxation, either by the State, parish, or city in which it is situated.

The municipal corporation of Lafayette, in the legal exercise of its authority, passed an ordinance in 1844, requiring the owners of town lots, under certain circumstances, to cause the side walks fronting their lots to be paved with brick or flag-stones within a certain time; and, in case of default by the owners, that the work should be done by the corporation, and the owners should be liable for two-thirds of the cost of such work in front of their property. It was also ordained that owners of lots who chose to have the work done by

LAFAYETTE
v.
ORPHAN ASYL-
UM.

themselves, would be reimbursed one-third of the cost by the corporation. The municipal authority of Lafayette had the side walks fronting the lots of the asylum paved by a contractor employed by it; and instituted this suit, for the benefit of the contractor, against the defendants, for two-thirds of the cost of the work. That the work has been done, and that the price is reasonable, is conceded by the defendants. It is proved that the paving has given an enhanced value to the property equivalent to, and even greater than, the amount sued for. The defendants rest their defence upon the assumption that the charge imposed by the ordinance is a tax; and is illegal, because, by the statute, the asylum is exempt from taxation.

It may be assumed as a rule of common right that no one should be exempted from taxes who possesses property, and is protected by the State in the enjoyment of that property. Absolute freedom from taxes in any individual so situated is, in the absence of some countervailing motive of public policy, an injustice towards the rest of community, who are burdened with them. Hence, therefore, it follows that, in case of legislative exemption from taxation, as in any other legislation in derogation of common right, the statute must be strictly construed. It must not be extended beyond its express words or clear import. See Coolidge v. Williams, 4 Mass. 144. Gibson v. Jenny, 15 Mass. 206. Sprague v. Bridsall, 2 Cowen, 420. " Si la disposition est contraire au droit commun, elle ne doit recevoir d'extension ni d'un cas à un autre, ni d'une personne à une autre, ni d'une chose à un autre." Merlin, Rep. verbo Interp.

A number of individuals thought proper to associate themselves for a most praiseworthy object, and obtained a charter of incorporation from the State. The object of the association tended to advance the public welfare, by rescuing an unprotected class of human beings from destitution and vice, and preparing them to be worthy members of society. In consideration of its expected usefulness the legislature thought proper, in derogation of the general law, to exempt it from the burden of taxation. The plaintiffs concede the power of the legislature to grant this immunity; but in our opinion reasonably argue that, the immunity must be restricted to taxes in the usual and proper sense of that term; and that the liberality which they now desire to enforce does not fall within the terms or fair import of the statutory exemption.

Taxes have been by some defined to be that portion of the property of individuals which each has to contribute to the public treasury to defray the public expenses. In the Matter of the Mayor of New York, 11 John. 80, the court said : " Taxes" mean burdens, charges, or impositions, put or set upon persons or property for public uses. Thus interpreting the term, they held that a statute of New York, which declared " that no church or place of public worship, nor any school house should be taxed by any law of this State" did not exempt a church from the liability to pay for the opening of a street in a ratio to the benefit or advantage derived from it. The language was considered as referring to the general and public taxes for the benefit of the town, county, or State at large.

In the present case the same language substantially was used by the legislature, and with the like import. There would be no propriety in applying the exemption to a liability for a share of an expenditure which, though it contributed to promote the public comfort and convenience, contributed also to the comfort and convenience of the inmates of the asylum, and directly enhanced the value of its property. If the defendants should think proper to-morrow to

sell the land and choose a sight elsewhere, would they not derive a direct benefit from this improvement? And why should they not pay for it? Qui sentit commodum, sentire debet et onus.