No. 3608

Second Circuit

---

CITY OF SHREVEPORT v. VIRGINIA-CAROLINA CHEMICAL CO.

---

(February 26, 1931. Opinion and Decree.)

---

B. F. Roberts, of Shreveport, attorney for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

WEBB, J. This action was brought by the City of Shreveport against the Virginia-Carolina Chemical Corporation to recover judgment for the cost of laying a sidewalk on Claiborne avenue, on which defendant's property fronts, together with the recognition of a lien and privilege on the property. There was not any question raised as to the validity of the proceedings under which the sidewalk was ordered to be laid, or relative to the correctness of the cost of same. But a portion of the street on which the sidewalk was laid had been transferred to the City of Shreveport by the Virginia-Carolina Chemical Corporation, under a written instrument which contains the following stipulations:

"That said property is dedicated to the said City for the benefit of the public, to be used for a street and for street purposes, and its dedication is made to the said City for such purposes under the following express terms and conditions, to-wit:

"The said street is to be opened up, graded, paved, curbed, and otherwise completed by the City of Shreveport, or others in conjunction with it, without any cost, charge, or expense, directly or indirectly, whether by assessment or otherwise, against the Virginia-Carolina Chemical Corporation, which is to be held entirely harmless against any cost, expense, or damage in connection with the opening up, paving, grading, and curbing of said street, which is to be done wholly at the cost and expense of said City,"

under which defendant urged it was not liable for the cost of laying the sidewalk, and that its property was not subject to the lien and privilege asserted, praying for judgment rejecting plaintiff's demands, and ordering the lien which had been recorded against the property canceled and erased. On trial judgment was rendered in favor of defendant, as prayed for, and plaintiff appeals.

There was not any attack made on the

validity of the contract in the pleadings, and in presenting the cause here, there is not any suggestion by either of the parties that any such question should be considered; but each of the parties states that the sole question presented relates to the construction of the contract. Appellant stating in its brief that the sole question is whether the clause, "graded, paved, curbed, and otherwise completed," includes laying the sidewalk, which also appears to be the position of appellee, who, however, contends that parol evidence should have been admitted to show that the officers of the city understood that, under the stipulation, the sidewalk would be constructed at the expense of the city.

Confining our decision to the question presented by counsel, thus assuming that the contract was valid, and that plaintiff was obligated to open up, grade, pave, and otherwise complete the improvement of the street without cost to defendant, the only reason suggested why its obligation did not include laying the sidewalk is that the usual course of improving the streets was to open, grade, and pave the roadway, and construct the curbing, prior to laying the sidewalks, and that plaintiff having done such work prior to ordering the sidewalk to be laid, had complied with its obligations.

The sidewalk is a part of the street and the improvements of the sidewalk, as well as the roadway of the street, is under the control of the municipality. We are therefore of the opinion that the obligation of plaintiff to open up, grade, pave, and otherwise complete the street, included the sidewalks as well as the roadway of the street, and that the city did not comply with the condition by merely improving the roadway. There is not anything in the record which indicates that defendant waived any of the conditions under which the dedication was made or that it had accepted the work done by the city in improving the roadway as fulfilling the conditions under which the dedication was made, or as relieving plaintiff of paying the other cost incident to completing the street or laying the sidewalk.

It is therefore not necessary that we should consider whether or not defendant should have been permitted to introduce parol evidence over the objection of plaintiff to explain the written act of dedication.

The judgment is affirmed, at appellant's cost.